In the Matter of the Marriage of

Lori Leah PERLENFEIN,
*Respondent - Cross-Appellant,*
*and*

David Allen PERLENFEIN,
*Appellant - Cross-Respondent.*

(CV91-0251; CA A70807)

836 P2d 171

Russell Lipetzky, Salem, argued the cause for appellant - cross-respondent. With him on the briefs was Saucy & Lipetzky, Salem.

James W. Walton, Corvallis, argued the cause for respondent - cross-appellant. With him on the brief was Steven P. Allen, Corvallis.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Husband appeals and wife cross-appeals from an order modifying the child support provisions of a judgment of dissolution. Husband claims that the trial court erred in its application of the Uniform Child Support Guidelines, because it imputed to husband a *pro rata* share of his family's Subchapter S corporation's income that he neither receives nor is entitled to receive. Wife claims that the trial court erred in not imputing all of husband's *pro rata* share of the corporation's income to him and in imputing all of her corporation's income to her.[1] On *de novo* review, we reverse on the appeal and affirm on the cross-appeal.

Husband is employed as president and manager of Albany Rental, Inc., a closely held corporation, of which he owns 27.5 percent of the shares.[2] He receives a salary of $2,000 a month from the corporation. Because it is a Subchapter S corporation, under federal tax law, its income is attributed to each of the shareholders in the same proportion as the shareholder's ownership and is treated as the shareholder's gross income. IRC § 1366. Because the shareholders must pay tax on the attributed income, the corporation declares a dividend each year in an amount sufficient to pay only the taxes. It retains the rest of the profits.

Wife owns and operates an incorporated accounting business. She is the sole shareholder. She receives a salary of $2,000 per month from the corporation. In 1990, the corporation had profits of $9,300 that were retained.

■ ■ At the modification hearing, wife argued that, in 1990, husband's income was $6,792 per month, counting his salary and his share of the corporation's retained profits. Husband argued that, for the purpose of determining child support, his income was only $2,000 per month, because he did not receive and was not entitled to receive the corporation's profits. The trial court held that it would not be appropriate or fair under the circumstances to include all of

---

[1] Wife makes four assignments of error, all of which are addressed by a single argument that is essentially the same argument that she makes in response to husband's appeal. Therefore, we do not address the assignments separately.

[2] Husband's brothers own 25 percent and 2 percent of the stock, respectively, and his mother owns 45.5 percent.

husband's share of the retained profits in his gross income and that it would impute only an additional $2,000 to him. It considered the balance of husband's share of the retained profits to be a legitimate business reinvestment. Therefore, it found that husband's monthly gross income was $4,000. In determining wife's income, the trial court included her salary and her corporation's retained profits and found that her gross monthly income was $2,700.

The question is whether a Subchapter S corporation's undistributed income that is attributed to an individual shareholder for income tax purposes should also be attributed to the shareholder for purposes of determining child support under the guidelines.

Under the guidelines, ORS 25.270 to ORS 25.285; OAR 137-50-320 to OAR 137-50-490, gross income is defined as

> "income from any source, including but not limited to salaries, wages, commissions, advances, forgiveness of indebtedness, bonuses, dividends, severance pay, pensions, interest, honoraria, trust income, annuities, return on capital, social security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, gifts, prizes, and alimony or separate maintenance *received.*" OAR 137-50-340(1). (Emphasis supplied.)

Gross income from joint ownership of a closely held corporation is defined as

> "gross receipts minus costs of goods sold minus ordinary and necessary expenses required for self-employment or business operation. Specifically excluded from ordinary and necessary expenses for purposes of OAR 137-50-320 to OAR 137-50-490 are amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses, investment tax credits, or any other business expenses determined by the Administrator, Court, or Hearings Officer to be inappropriate for determining gross income for purposes of calculating child support." OAR 137-50-350(1).

■ Before income can be attributed to a parent for purposes of determining child support, notwithstanding the broad language of the guidelines, there must be some right to

receive or ability to control the distribution of the income.[3] *See* OAR 137-50-340(1). Although the income of a Subchapter S corporation receives special tax treatment, the general rule regarding the treatment of distributions from corporations for tax purposes is that

> "[a] distribution made by a corporation to its shareholders shall be included in the gross income of the distributees when the cash or other property is unqualifiedly made subject to their demands." 26 CFR § 1.301-1(b) (1991).

That rule is also appropriate for the purpose of determining when a corporation's profits should be considered income under the child support guidelines, at least in circumstances such as these, where husband, as a minority shareholder, has no control over the retention or distribution of profits and there is no evidence that the retained profits were manipulated to avoid paying child support. No part of husband's share of the corporation's undistributed profits should have been included in calculating the child support award.

Our holding is consistent with the statutory requirement that the formula for determining child support awards comply with this standard:

> "The child is entitled to benefit from the income of both parents to the same extent that the child would have benefited had the family unit remained intact or if there had been an intact family unit consisting of both parents and the child." ORS 25.275(2)(a).

Even if the parties had remained married, their minor children would not and could not have received any benefit from the undistributed profits of the corporation.

We affirm on the cross-appeal, for the reasons discussed above and because wife is the sole shareholder of her corporation and has complete control over its earnings.

---

[3] Wife argues that the guidelines do not require receipt or control. Receipt and control, however, are basic concepts in determining what is income, at least for income tax purposes. The general rule has been stated:

> "Income of a taxable nature is not subject to taxation unless it is realized or received, but realization need not take the form of an actual receipt of cash or property by the taxpayer. * * * [I]t has been stated that if the taxpayer is to be deemed in constructive receipt of income, the essential point is that he must have an unqualified right to the use and enjoyment of the money and other property deemed to be income." 85 CJS, "Taxation," § 1096(c). (Footnotes omitted.)

On appeal, remanded for recalculation of child support; affirmed on cross-appeal. Costs to husband on appeal and on cross-appeal.