Argued and submitted March 2, decision of the Court of Appeals affirmed in part and reversed in part; judgment of the circuit court vacated, and the case is remanded to the circuit court for further proceedings April 8, 1993

In the Matter of the Marriage of

Lori Leah PERLENFEIN,
*Petitioner on Review,*

*and*

David Allen PERLENFEIN,
*Respondent on Review.*

(CC CV91-0251; CA A70807; SC S39607)

848 P2d 604

Steven Allen, Corvallis, argued the cause for petitioner on review. With him on the petition was J. W. Walton, of James W. Walton, P.C., Corvallis.

Russell Lipetzky, of Saucy & Lipetzky, P.C., Salem, argued the cause and filed a response and supplemental memorandum for respondent on review.

GRABER, J.

## GRABER, J.

■ The question in this domestic relations case is whether, under the applicable Oregon regulations, set out below, undistributed income of a closely held corporation that is attributed to a minority shareholder of that corporation for income tax purposes also is attributable to the shareholder for the purpose of determining a child support obligation. We answer that question "yes."

Husband is the manager and a minority shareholder of Albany Rental, Inc., a closely held corporation. He receives a salary of $2,000 per month from the corporation and owns 27.5 percent of its shares. His mother owns 45.5 percent of the corporation's shares, and his brothers own, respectively, 25 percent and 2 percent. Because Albany Rental is a Subchapter S corporation, its profits are treated, for federal income tax purposes, as income of the shareholders, in proportions equal to the shareholders' ownership interests. The shareholders also receive credit against that income for Albany Rental's accelerated depreciation. 26 USC § 1366. To enable the shareholders to meet the federal income tax liability arising from their joint ownership of Albany Rental, the corporation distributes to the shareholders yearly dividends in amounts sufficient to pay the taxes owed. All other profits of the corporation are retained by the corporation for reinvestment.

Wife is the sole proprietor of an incorporated accounting business. She receives a salary of $2,000 per month from that corporation. All other profits are retained by the corporation.

The parties divorced in 1988. They have two minor children. At the time the marriage was dissolved, wife was awarded custody of the children and husband was ordered to pay $250 per month in child support. In 1991, wife moved for modification of husband's child support obligation, contending that his share of Albany Rental's profits and accelerated depreciation credits, in the amount of $4,792 per month, should be included in the calculation of his gross income for the purpose of determining his current child support obligation.[1]

---

[1] Husband does not argue that wife failed to demonstrate a "substantial change in economic circumstances," which is necessary to support a modification. ORS

The trial court found that husband did not actually receive any income from Albany Rental except for his salary and that his status as a minority shareholder deprived him of the authority to alter that circumstance. The court concluded, however, that Albany Rental's business decision to reinvest its profits did not foreclose the court from considering a portion of husband's share of the corporation's profits and accelerated depreciation credits as part of his gross income for the purpose of determining his child support obligation. The court attributed to husband an additional $2,000 per month in gross income from those sources, for a total of $4,000 per month. The court also attributed to wife the retained profits of her accounting business. Calculating from those amounts, the court determined husband's child support obligation to be $778 per month.

Husband appealed, and wife cross-appealed. The Court of Appeals held that, "[b]efore income can be attributed to a parent for purposes of determining child support, * * * there must be some right to receive or ability to control the distribution of the income." *Perlenfein and Perlenfein,* 114 Or App 588, 591-92, 836 P2d 171 (1992). The court held that, as a result, husband's share of the undistributed profits of the corporation should not have been included in his gross income for the purpose of determining his child support obligation. *Id.* at 592. The court held, however, that the trial court properly included the profits from wife's business in her gross income, because "wife is the sole shareholder of her corporation and has complete control over its earnings." *Ibid.* The court remanded the case for recalculation of husband's child support obligation. *Id.* at 593.

Wife petitioned for review, asserting that neither the trial court nor the Court of Appeals had complied with the applicable regulations in calculating husband's gross income.[2]

107.135(2)(a); *see Willis and Willis,* 314 Or 566, 840 P2d 697 (1992) (reviewing modification of child support award under that statute).

There was testimony at the modification hearing in this case that, since the time of the original decree, the profits of Albany Rental, Inc., had "increased six-fold."

[2] The question whether the profits of wife's corporation should be included in her gross income is not before us on review.

We granted review to answer the question of law raised by the petition.[3]

In interpreting a statute or regulation, our task is to ascertain the intent of the body that promulgated it. ORS 174.020; *State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 174, 818 P2d 1270 (1991). *See also Columbia Steel Castings Co. v. City of Portland*, 314 Or 424, 430, 840 P2d 71 (1992) (principles of statutory construction may also be applied to "discrete sets of administrative rules that deal with a particular topic"). We begin with the text and context of the statute or regulation. ORS 174.010; *Bartz v. State of Oregon*, 314 Or 353, 357, 839 P2d 217 (1992). When a general and a particular provision on the same subject are inconsistent, this court applies the particular provision. ORS 174.020; *see also Mercy Health Promotion, Inc. v. Dept. of Rev.*, 310 Or 123, 130, 795 P2d 1082 (1990) (where one statute addressed a "very broad class" of situations and another addressed the "precise" situation at issue in that case, court applied the more specific statute).

ORS 25.275(1), which authorizes the promulgation of regulations pertaining to child support, provides in part:

"The Support Enforcement Division of the Department of Justice shall establish by rule a formula for determining child support awards in any judicial or administrative proceeding."

The statute then lists the criteria that the division shall take into consideration in establishing the formula.[4]

---

[3] The Court of Appeals reviewed the case *de novo. See* ORS 19.125(3) (on appeal from a decree in a suit in equity, Court of Appeals tries cause anew upon the record). ORS 19.125(4) provides:

"When the Court of Appeals has tried a cause anew upon the record, the Supreme Court may limit its review of the decision of the Court of Appeals to questions of law."

We are so restricting the scope of our review in this case.

[4] ORS 25.270 *et seq* was enacted by the legislature in 1989 in response to the federal Family Support Act of 1988, Pub L 100-485, 102 Stat 2377 (1988), which, among numerous other changes to the Social Security Act, 42 USC § 601 *et seq*, required all states to establish child support guidelines by October 13, 1989. Or Laws 1989, ch 811; *see* 42 USC § 667 (codifying that federal requirement); ORS 25.270 (noting that federal requirement). The parties do not challenge the validity of ORS 25.270 *et seq* or the regulations promulgated pursuant to those statutes.

In response to that statutory mandate, the Support Enforcement Division promulgated OAR 137-50-320 *et seq*,[5] which provides in part:

"OAR 137-50-320 to 137-50-490 constitute the formula for determining child support awards as required by ORS 25.275. For purposes of OAR 137-50-320 to 137-50-490, unless the context requires otherwise:

"* * * * *

"(3) 'Gross income' means:

"(a) The gross income of the parent calculated pursuant to OAR 137-50-340 and 137-50-350."

OAR 137-50-330 provides in part:

"(1) To determine the amount of support owed by a parent, follow the procedure set forth in subsections (a) through (g) of this section:

"(a) Determine 'gross income' of each parent[.]"

OAR 137-50-340 provides in part:

"[G]ross income includes income from any source, including but not limited to salaries, wages, commissions, advances, forgiveness of indebtedness, bonuses, dividends, severance pay, pensions, interest, honoraria, trust income, annuities, return on capital, social security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, gifts, prizes, and alimony or separate maintenance *received*." (Emphasis added.)

OAR 137-50-350 provides:

"(1) For income from self-employment, rent, royalties, proprietorship of a business, or joint ownership of a partnership or closely held corporation, gross income is defined as gross receipts minus costs of goods sold minus ordinary and necessary expenses required for self-employment or business operation. Specifically excluded from ordinary and necessary expenses for purposes of OAR 137-50-320 to 137-50-490 are amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses, investment tax credits, or any other business expenses determined by the Administrator, Court, or Hearings Officer to be

---

[5] The appendix contains the full text of OAR 137-50-320 to 137-50-350, the regulations pertinent to our decision in this case.

inappropriate for determining gross income for purposes of calculating child support.[6]

"(2) Expense reimbursements or in-kind payments *received* by a parent in the course of employment, self-employment, or operation of a business shall be counted as income if they are significant and reduce personal living expenses." (Emphasis added.)

OAR 137-50-340 establishes a general definition of "gross income" for the purpose of determining a child support obligation. That regulation plausibly may be interpreted to require that the kinds of income listed there must actually be "received" by a party. OAR 137-50-350(1) separately and specifically addresses the computation of the kind of income at issue here, however — husband's income from "joint ownership of a * * * closely held corporation." Therefore, OAR 137-50-350(1) governs the calculation of that portion of husband's gross income.

■　　Husband first argues that, even if OAR 137-50-350(1) applies to the calculation of his gross income, the phrase "gross receipts" in that provision refers to *his* gross receipts from the corporation, not to those of the corporation itself. We disagree. Because the other items listed for the purpose of calculating gross income under OAR 137-50-350(1) — costs of goods and ordinary and necessary business expenses — are items associated with the corporation, we conclude that the "gross receipts" referred to in that provision also are those of the corporation.

■ ■　　Husband next argues that the use of the term "received" in OAR 137-50-340 and OAR 137-50-350(2) shows that the term should be read into all the regulations relating to income, including OAR 137-50-350(1). Again, we are not persuaded. Indeed, the opposite inference arises. When a legislature or agency uses a particular term in one provision of a statute or regulation, but omits that same term in a parallel and related provision, we infer that the legislature or agency did not intend that the term apply in the provision from which the term is omitted. *See* ORS 174.010 (in construing a statute, duty of this court is to ascertain and

---

[6] The amount of ordinary and necessary expenses required for the operation of husband's business is not at issue.

declare what is contained therein, not to omit what has been inserted or insert what has been omitted); *see also Hughes v. State of Oregon*, 314 Or 1, 28, 838 P2d 1018 (1992) (where one provision of statute pertaining to taxation of retirement benefits referred to *past* and *present benefits* and another provision of the same statute referred to *past, present,* and *future taxes*, court concluded that legislature "knew how to refer to the future"; because the legislature did not refer to future benefits, court declined to infer that it intended to include those benefits in the relevant legislation). That the Support Enforcement Division used the word "received" in reference to some kinds of income of a parent, OAR 137-50-340 and 137-50-350(2), but did not do so in relation to the income from ownership of a partnership or closely held corporation, OAR 137-50-350(1), is evidence that the latter kind of income need *not* have been "received" in order to be included in the calculation of gross income.

Third, husband relies on the assertion that the Support Enforcement Division based the Oregon child support regulations on the 1986 Colorado child support guidelines. The 1987 report of the national Advisory Panel on Child Support Guidelines, which led to passage of the Family Support Act of 1988, included some of the Colorado guidelines as examples. R. G. Williams, *Development of Guidelines for Child Support Orders: Final Report* (US Dept of Health and Human Services, Office of Child Support Enforcement, March, 1987). Husband argues that "availability" of income to the parent is a requirement of the Colorado guidelines provision that corresponds to OAR 137-50-350[7] and that we should read the Oregon regulation similarly.

The Colorado guidelines do not assist husband. Like OAR 137-50-350(1), the corresponding Colorado provision does not use the term "available" or "received." No Colorado appellate decision has interpreted that section in the manner urged by husband.

In a related point, husband argues that the national Advisory Panel's final report encouraged the states to develop

---

[7] Section 14-10-115(7)(a)(II)(A) CRS (Supp 1992) provides in part that, "[f]or income from self-employment, * * * proprietorship of a business, or joint ownership of a partnership or closely held corporation, 'gross income' means gross receipts minus ordinary and necessary expenses required to produce such income."

guidelines following certain principles, among them the principle that economic responsibility should be divided between parents in proportion to their "available" income. What the national Advisory Panel thought would be salutary is irrelevant. What matters is the regulation adopted in Oregon.

Finally, husband contends that the result would be unfair for any parent in his position, if "gross income" is not limited to "available" income. The answer to that contention lies in the structure of the child support guidelines.

Under the guidelines, a trial court first applies the formula established in OAR 137-50-330(1)(a) through (g). That formula, which is intended to be applied mechanically, yields an amount of child support that is presumptively correct. A second step is available, however; a parent is afforded an opportunity to rebut the presumption, so that the court arrives at a just or appropriate amount. OAR 137-50-330(2) provides in part:

> "(a)    The amount of child support to be paid as determined in subsections (1)(a) through (g) of this rule [set out in pertinent part above] is presumed to be the correct amount. This presumption may be rebutted by a finding that the amount is unjust or inappropriate based on the criteria set forth in paragraphs (A) through (J) of this subsection. Effective May 1, 1992, findings that rebut the presumption that the amount of support to be paid as determined in subsections (1)(a) through (g) is correct shall state that amount and include the reason why the order varies from that amount:
>
> "* * * * *
>
> "(C)    The net income of the parent remaining after withholdings required by law or as a condition of employment;
>
> "* * * * *
>
> "(F)    The special hardships of a parent[.]"

See also ORS 25.280 (the amount of child support determined by application of the formula established pursuant to ORS 25.270 et seq shall be presumed to be the correct amount of the obligation; the presumption may be rebutted by a finding that the application of the formula is unjust or inappropriate by reason of various listed criteria); 42 USC § 667(b)(2)

(requiring that state child support guidelines operate in that manner).[8]

In summary, we hold:

■ (1) With respect to the portion of a parent's income related to ownership of a closely held corporation, the "gross income" of the parent is the parent's proportionate share of the corporation's "gross receipts minus costs of goods sold minus ordinary and necessary expenses required for * * * business operation." OAR 137-50-350(1).

■ (2) If a parent presents evidence that the "gross income" thus calculated is not actually available to the parent, the trial court is entitled to find that the presumptive amount of support, derived by using that "gross income," is rebutted in whole or in part. OAR 137-50-330(2)(a).

Here, we conclude that, under OAR 137-50-350(1), husband's gross income includes his share of the gross receipts of Albany Rental, Inc., minus his share of that corporation's costs of goods and its ordinary and necessary business expenses. We also conclude that husband presented evidence that could support rebuttal findings under OAR 137-50-330(2)(a)(C) or (F).

The trial court determined husband's child support obligation by applying the formula established in OAR 137-50-330(1)(a) through (g). That determination was erroneous, however, because the trial court calculated husband's gross income incorrectly. The trial court did not make findings under OAR 137-50-330(2)(a), even though husband presented evidence from which the court could have found that the presumptive amount of child support was rebutted under OAR 137-50-330(2)(a)(C) or (F) and even though the court

---

[8] We note that the legislative history of ORS 25.270 *et seq* (1989 House Bill 2455) places considerable emphasis on the two-step nature of the process of determining a child support obligation: (1) the determination of a presumptively correct child support amount by application of the formula established in OAR 137-50-330(1) and (2) the rebuttal, if any, of that presumed amount under the criteria established in OAR 137-50-330(2)(A) through (J). *See, e.g.*, Minutes, House Committee on the Judiciary, Subcommittee on Family Justice, February 17, 1989, p 9 and Exhibit J; Staff Measure Summary, HB 2455, 1989 House Committee on the Judiciary (Exhibit H); Staff Measure Summary, HB 2544, 1989 Senate Committee on the Judiciary (Exhibit J); House Floor Debate, April 10, 1989, Tape 13, Side 2; Senate Floor Debate, June 26, 1989, Tape 214, Side A; House Floor Debate, June 27, 1989, Tape 34, Side 1.

arrived at an amount of support that varied from the presumptive amount (if calculated correctly). A remand to the trial court is required to determine husband's child support obligation.

The decision of the Court of Appeals is affirmed as to the calculation of wife's gross income and reversed as to the calculation of husband's gross income. The judgment of the circuit court is vacated, and the case is remanded to the circuit court for further proceedings.

# APPENDIX

OAR 137-50-320 provides:

"OAR 137-50-320 to 137-50-490 constitute the formula for determining child support awards as required by ORS 25.275. For purposes of OAR 137-50-320 to 137-50-490, unless the context requires otherwise:

"(1) 'Joint child' means the dependent child who is the son or daughter of both the mother and the father involved in the support proceeding. In those cases where support is sought from only one parent of a child, a joint child is the child for whom support is sought.

"(2) 'Nonjoint child' means the legal child of one, but not both the parents subject to this determination. Specifically excluded from this definition are stepchildren.

"(3) 'Gross income' means:

"(a) The gross income of the parent calculated pursuant to OAR 137-50-340 and 137-50-350;

"(b) The potential income of the parent calculated pursuant to OAR 137-50-360 in certain cases where the parent is unemployed or employed on less than a full time basis; or

"(c) A combination of gross income and potential income as calculated under subsections (a) and (b) of this section.

"(4) 'Adjusted gross income' means gross income less the deductions for pre-existing child support obligations as allowed by OAR 137-50-380 and the deductions for nonjoint children as allowed by OAR 137-50-400 and either the addition or deduction of court order spousal support as allowed by OAR 137-50-390.

"(5) 'Basic child support obligation' means the support obligation determined by applying the parent's adjusted gross income, or if there are two parents, their combined adjusted gross income, to the scale in the manner set out in OAR 137-50-490.

"(6) 'Total child support obligation' means the basic child support obligation determined pursuant to OAR 137-50-490 plus the following additions:

"(a) Child care costs as allowed by OAR 137-50-420; and

"(b) Medical Expenses as allowed by OAR 137-50-430."

OAR 137-50-330 provides:

"(1)    To determine the amount of support owed by a parent, follow the procedure set forth in subsections (a) through (g) of this section:

"(a)    Determine 'gross income' of each parent;

"(b)    Determine 'adjusted gross income' of each parent, and if there are two parents, the combined 'adjusted gross income';

"(c)    If there are two parents, determine the percentage contribution of each parent to the combined adjusted gross income by dividing the combined adjusted gross income into each parent's adjusted gross income;

"(d)    Determine the 'basic child support obligation';

"(e)    Determine the 'total child support obligation';

"(f)    Determine each parent's child support obligation by multiplying the percentage figure from subsection (c) of this section by the 'total child support obligation';

"(g)    Determine whether the shared physical custody rule, OAR 137-50-450, or the split custody rule, OAR 137-50-460, apply. If they do, the apply them and adjust each parent's child support obligation pursuant to the applicable rule.

"(2)(a)    The amount of child support to be paid as determined in subsections (1)(a) through (g) of this rule is presumed to be the correct amount. This presumption may be rebutted by a finding that the amount is unjust or inappropriate based upon the criteria set forth in paragraphs (A) though (J) of this subsection. Effective May 1, 1992, findings that rebut the presumption that the amount of support to be paid as determined in subsections (1)(a) through (g) of this rule is correct shall state that amount and include the reason why the order varies from that amount:

"(A)    Evidence of the other available resources of the parent;

"(B)    The reasonable necessities of the parent;

"(C)    The net income of the parent remaining after withholdings required by law or as a condition of employment;

"(D)    The parent's ability to borrow;

"(E)    The number and needs of other dependents of a parent;

"(F)    The special hardships of a parent;

"(G)    The needs of the child;

"(H)    The desirability of the custodial parent remaining in the home as a full-time parent and homemaker;

"(I)    The tax consequences, if any, to both parents resulting from spousal support awarded and determination of which parent will name the child as a dependent; the formula presumes the custodial parent will have the tax exemption allowed for the child or children;

"(J)    The financial advantage afforded a parent's household by the income of a spouse or another person with whom the parent lives in a relationship similar to husband and wife.

"(b)    If the child support presumption is rebutted pursuant to subsection (a) of this section, a written finding or a specific finding on the record must be made that the amount is unjust or inappropriate. Effective May 1, 1992, that finding must recite the amount that under the guidelines is presumed be correct, and must include the reason why the order varies from the guidelines amount. A new support amount may be calculated by determining an appropriate dollar value to be attributed to the specific criteria upon which the finding was based and by making an appropriate adjustment in the amounts used in subsections (1)(b) and (d) of this rule.

"(3)    Although a monetary obligation is computed for each parent, the custodial parent is presumed to spend his or her share directly on the child."

OAR 137-50-340 provides:

"(1)    Except as excluded below, gross income includes income from any source, including but not limited to salaries, wages, commissions, advances, forgiveness of indebtedness, bonuses, dividends, severance pay, pensions, interest, honoraria, trust income, annuities, return on capital, social security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, gifts, prizes, and alimony or separate maintenance received. Specifically included are benefits received from means-tested public assistance programs, including but not limited to Aid to Dependent Children (ADC), Supplemental Security Income (551), Food Stamps, and General Assistance.

"(2)    Gross income may be calculated on either an annual or monthly basis.

"(3)  If the custodial parent of a joint child is a recipient of ADC, the gross income attributed to that parent shall be the greater of:

"(a)  The amount of cash assistance and food stamps the household would receive if the household had no income. The household shall be defined as the custodial parent and the joint children of the parties for whom the obligation is being established; or

"(b)  The amount which could be earned by full-time work (40 hours a week) at the current state minimum wage.

"(4)  Excluded and not counted as income is any child support payment."

OAR 137-50-350 provides:

"(1)  For income from self-employment, rent, royalties, proprietorship of a business, or joint ownership of a partnership or closely held corporation, gross income is defined as gross receipts minus costs of goods sold minus ordinary and necessary expenses required for self-employment or business operations. Specifically excluded from ordinary and necessary expenses for purposes of OAR 137-50-320 to 137-50-490 are amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses, investment tax credits, or any other business expenses determined by the Administrator, Court, or Hearings Officer to be inappropriate for determining gross income for purposes of calculating child support.

"(2)  Expense reimbursements of in-kind payments received by a parent in the course of employment, self-employment, or operation of a business shall be counted as income if they are significant and reduce personal living expenses."