Argued and submitted February 24, reversed and remanded for reconsideration
October 15, 1997

In the Matter of the Compensation of
Glenda Jensen, Claimant.

LIBERTY NORTHWEST INSURANCE CORPORATION
and St. Elizabeth Hospital,
*Petitioners,*

*v.*

Glenda JENSEN,
*Respondent.*

(95-07344; CA A93483)

946 P2d 689

Jerald P. Keene argued the cause and filed the brief for petitioners.

Michael A. Gilbertson argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Employer seeks review of a Workers' Compensation Board (Board) order holding that employer's termination of temporary total disability was improper and imposing a penalty, on the ground that employer's offer of modified work to claimant was defective. We hold that employer's offer was not defective and reverse.

Claimant was employed as a certified nurse assistant for employer. On December 31, 1993, she compensably injured her left shoulder while lifting a patient into a wheelchair. Employer accepted her claim for left shoulder impingement syndrome. In March 1994, claimant was released to light-duty work and then accepted two different positions with employer, neither of which claimant ultimately was able to perform. On November 29, 1994, employer offered claimant a temporary job as a switchboard operator. The written offer contained the following statement:

> "We are offering you a temporary position. Attached is a copy of the work release. We are offering you a temporary light/modified duty job as described below. The continued availability of this position will be re-evaluated periodically."

The offer also attached a copy of the work release, sent to and signed by the attending physician, which stated:

> "We will provide the temporary position described above as long as it is available or until you release her to regular duties."

Claimant refused the position. Employer then terminated claimant's temporary total disability benefits, paying her only the temporary partial disability benefits to which she would have been entitled had she accepted employer's offer.

Claimant sought a hearing concerning the adequacy of employer's offer, arguing that it did not satisfy the requirements of OAR 436-60-030(12) (1996),[1] which implemented the statutes governing payment of temporary partial disability compensation. That rule provided:

---

[1] OAR 436-60-030 (1996) since has been renumbered to OAR 436-060-0030, but the text of the rule has remained unchanged in all material respects.

> "An insurer shall cease paying temporary total disability compensation and start paying temporary partial disability compensation under section (8) of this rule as if the worker had begun the employment when an injured worker fails to begin wage earning employment pursuant to ORS 656.268(3)(c), under the following conditions:
>
> "(a) The attending physician has been notified by the employer or insurer of the physical tasks to be performed by the injured worker;
>
> "(b) The attending physician agrees the employment appears to be within the worker's capabilities; and
>
> "(c) The employer has confirmed the offer of employment in writing to the worker stating the beginning time, date and place; *the duration of the job, if known*; the wages; an accurate description of the physical requirements of the job and that the attending physician has found the job to be within the worker's capabilities."[2]

OAR 436-60-030(12) (1996) (emphasis supplied). She also argued that the offer was unreasonable on other grounds. The administrative law judge held that employer's offer did not state the duration of the position, except to say that the position was temporary, contrary to the requirements of OAR 436-60-030(12)(c) (1996) and held that the offer was invalid on that basis. The ALJ did not address claimant's other arguments. The Board affirmed.

On judicial review, employer argues that its offer did comply with OAR 436-60-030(12)(c) (1996), because the rule does not require employer to state that the duration is not known and that its offer stated the duration to the extent it was known. Employer also argues that, if the Board correctly

---

[2] OAR 436-060-0030 and its predecessor implement ORS 656.325(5)(a), among other statutes. ORS 656.325(5)(a) provides that, notwithstanding ORS 656.268:

"An insurer or self-insured employer shall cease making payments pursuant to ORS 656.210 [temporary total disability] and shall commence making payment of such amounts as are due pursuant to ORS 656.212 [temporary partial disability] when an injured worker refuses wage earning employment prior to claim determination and the worker's attending physician, after being notified by the employer of the specific duties to be performed by the injured worker, agrees that the injured worker is capable of performing the employment offered."

*See also* ORS 656.268(3)(c).

interpreted the rule, the rule exceeds the scope of the statute it seeks to implement. In any event, employer argues, the Board erroneously assessed a penalty against it. Claimant argues that the offer is defective because it does not state explicitly that the duration of the employment is unknown.

 We review the Board's interpretation of the administrative rule for errors of law. ORS 183.482(8)(a).[3] In interpreting administrative regulations, we apply the same rules that apply to the construction of statutes. *Perlenfein and Perlenfein*, 316 Or 16, 20, 848 P2d 604 (1993). Consequently, we begin with an examination of the text and context of the rule; if the meaning of the rule is clear, our inquiry is at an end. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

██ The text of OAR 436-60-030(12)(c) (1996) is straight-forward: The employer must provide the worker with a written offer of employment that states the "duration of the job, *if known*." (Emphasis supplied.) The rule does not require a statement of the duration if it is not known. In this case, employer stated that the job was temporary and would be re-evaluated. There is no allegation that employer knew the duration of the job and withheld it. Accordingly, because employer did not know the duration of the job, its offer is not defective simply because it stated what employer did know— that the job was temporary and subject to re-evaluation. We hold that employer has complied with the rule, and we are not at liberty to impose additional requirements on employers that are not present in the rule. *See Perlenfein*, 316 Or at 22-23 (in construing an administrative rule, courts may not omit what has been inserted or insert what has been omitted). Consequently, the Board erred in holding otherwise and in imposing a penalty against employer on that ground.

Because we hold that the Board incorrectly interpreted OAR 436-60-030(12)(c) (1996), we need not address

---

[3] Claimant argues that we review the Board's decision for substantial evidence that the employer failed to comply with the requirements of OAR 436-60-030(12)(c) (1996). Claimant is incorrect. The Board's interpretation of what the rule required employer to submit to claimant raises a question of law and is not reviewed for substantial evidence as a factual issue. *See* ORS 183.482(8)(c) ("Substantial evidence exists to support a *finding of fact* when the record, viewed as a whole, would permit a reasonable person to make that finding." (Emphasis supplied.)).

employer's challenge to the validity of the rule itself. We also do not address whether employer's offer may be invalid on other grounds, as asserted by claimant. The ALJ and the Board did not reach those argument, and they are not before us on review.

Reversed and remanded for reconsideration.