On respondent's petition for reconsideration filed June 30; respondent's amended petition for reconsideration filed July 8; and petitioner's response to petition for reconsideration filed July 21; reconsideration allowed; former opinion (193 Or App 226, 89 P3d 1199) modified and adhered to as modified September 1, 2004

In the Matter of the Compensation of
Darwin B. Lederer, Claimant.

Darwin B. LEDERER,
*Petitioner,*

*v.*

VIKING FREIGHT, INC.,
*Respondent.*

01-06919; A119809

96 P3d 882

Jerald P. Keene for petition.

Randy Elmer and Kryger, Alexander, Egan, Elmer & Carlson, P.C., *contra.*

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Employer petitions for reconsideration of our opinion in *Lederer v. Viking Freight, Inc.*, 193 Or App 226, 89 P3d 1199 (2004), raising three arguments. We allow the petition but write only to address employer's third argument. We adhere to our opinion as modified below.

In our description of the underlying facts, we explained that, on April 5, 2000, employer issued a notice of closure on claimant's first claim, a lumbar strain. Along with the notice of closure, employer "issued an updated notice of acceptance, specifying the lumbar strain as the accepted condition." *Id.* at 230. Several months later, claimant filed a combined condition claim, which employer initially denied. The board then set aside that denial and, we explained:

> "As a result, on August 17, 2001, employer issued a 'Second Amended Modified Notice of Acceptance,' *essentially reopening the April 5, 2000, updated notice of acceptance,* accepting the claim as a combined condition consisting of the compensable lumbar strain and the preexisting bilateral pars defects and spondylolisthesis. On August 28, 2001, an employer-requested medical examination was performed by Dr. John Swanson. Swanson recommended limiting claimant to modified work because of the preexisting spondylolysis and spondylolisthesis. Finally, on November 10, 2001, Wright generally concurred with Swanson's diagnosis, noting, in particular, that he believed that claimant would need job retraining."

*Id.* at 230-31 (emphasis added). On reconsideration, employer contends that, "if left undisturbed" the italicized language will stand "for the new legal proposition that the act of issuing a modified Notice of Acceptance on a closed claim automatically and 'essentially' constitutes an automatic, formal reopening of that claim with all the processing obligations that entails." (Citation and footnote omitted.)

We disagree with employer that our use of the phrase "essentially reopening" will introduce a new "animal" into the lexicon of workers' compensation law. Instead, that phrase was meant to convey a pertinent fact that both claimant and employer, as well as the board in its order, conceded

as true: Claimant's combined condition claim remained open at the time he requested temporary disability benefits.[1] Nevertheless, we acknowledge that employer's construction of our opinion is not unreasonable and that our reference to "essentially reopening" poses a risk that others will similarly misapprehend our opinion. Consequently, we modify our opinion to delete that language and read as follows:

> "As a result, on August 17, 2001, employer issued a 'Second Amended Modified Notice of Acceptance,' accepting the claim as a combined condition consisting of the compensable lumbar strain and the preexisting bilateral pars defects and spondylolisthesis. On August 28, 2001, an employer-requested medical examination was performed by Dr. John Swanson. Swanson recommended limiting claimant to modified work because of the preexisting spondylolysis and spondylolisthesis. Finally, on November 10, 2001, Wright generally concurred with Swanson's diagnosis, noting, in particular, that he believed that claimant would need job retraining."

Reconsideration allowed; former opinion modified and adhered to as modified.

---

[1] In employer's brief, it explained the general process involved in cases like this and, parenthetically, the status of claimant's case:

"[U]nder ORS 656.262(7)(a), the employer must reopen a closed claim in order to incorporate any newly accepted conditions, then re-close it. (Employer had reopened, but not yet re-closed this claim at the time of hearing)."

(Footnote omitted.) Indeed, the board characterized the issue as "whether claimant was entitled to temporary disability for a claim reopened for processing of new medical conditions found compensable after claim closure."