Argued and submitted February 12, 2015, reversed and remanded
August 3, 2016

## Joseph Earl YANKEE, D. O.,
*Petitioner,*

*v.*

## OREGON MEDICAL BOARD,
*Respondent.*

Oregon Medical Board
110207, 110264, 110410, 110575;
A153254

380 P3d 1018 ·

Eli D. Stutsman argued the cause for petitioner. With him on the briefs was Eli D. Stutsman, a Professional Corporation.

Carolyn Alexander, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Egan, Presiding Judge, and Hadlock, Chief Judge, and Wilson, Senior Judge.*

_____

* Hadlock, C. J., *vice* Nakamoto, J. pro tempore.

**HADLOCK, C. J.**

Petitioner seeks judicial review of a default final order of the Oregon Medical Board (the board) that revoked petitioner's license to practice medicine and assessed a civil penalty. Petitioner argues that the board erred when it denied petitioner's motion to reschedule his disciplinary hearing without first holding a hearing on his motion before the administrative law judge (ALJ). We conclude that the board was required by OAR 137-003-0670(2) to hold a hearing before the ALJ on petitioner's motion.[1] Because we reverse and remand based on that procedural error, we do not reach petitioner's assignment of error addressing the merits of the board's denial of petitioner's motion to reschedule. Accordingly, we reverse and remand for further proceedings.

The relevant facts are procedural. In December 2011, the board issued an Order for Emergency Suspension of petitioner's medical license. A month later, the board issued a Complaint and Notice of Proposed Disciplinary Action. Petitioner timely requested a hearing, and the board consolidated the two proceedings for a contested case hearing. Petitioner obtained counsel to represent him, and counsel participated in a prehearing conference scheduling the contested case hearing for June 18 to 21, 2012.

In May 2012, the board issued an Amended Complaint and Notice of Proposed Disciplinary Action that asserted additional allegations of misconduct. After receiving the amended complaint, the ALJ held another prehearing conference with the parties' counsel, rescheduling the contested case hearing for August 13 to 16, 2012. Following that conference, in mid-June, petitioner's counsel withdrew

---

[1] OAR 137-003-0670(2) provides:

"If the party failed to appear at the hearing and, before issuing a final order by default, the agency or administrative law judge finds that the party had good cause for not appearing, the agency or administrative law judge may not issue a final order by default under section (1)(c) of this rule. In this case, the administrative law judge shall schedule a new hearing. If the reasons for the party's failure to appear are in dispute, the administrative law judge shall schedule a hearing on the reasons for the party's failure to appear."

from representing petitioner and provided the ALJ and the board with petitioner's mailing address in Oregon City.

On August 6, 2012, one week before the scheduled hearing, petitioner requested that the ALJ postpone the hearing 60 days. He informed the ALJ that his attorney had withdrawn because he could not pay him, that recently he had obtained a loan to rehire his attorney, but that his attorney was no longer available on the scheduled hearing dates. The ALJ denied petitioner's postponement request because petitioner had waited until one week prior to the hearing to make his request when, in the intervening six weeks since his attorney withdrew, he had not made a similar request, had not advised of his efforts to secure new representation, and had not called in for a status conference that had been scheduled for July 9.

When the hearing started on August 13 at 9:00 a.m., petitioner was not present. The ALJ entered a default against petitioner approximately 20 minutes later when petitioner could not be reached. Before the board issued its default final order, petitioner, through his rehired counsel, moved to reschedule the hearing. Petitioner argued that the hearing should be rescheduled because he had good cause for not appearing at 9:00 a.m. According to petitioner, he believed that he could arrive midmorning that day because the board would be going first with witnesses that petitioner knew had been called to appear in the morning, and he planned to arrive later to participate as best he could over the four-day hearing. Petitioner asserts that he never received a document informing him that he could be defaulted for failing to appear at 9:00 a.m. Petitioner also stated that he had called at 10:00 a.m. to confirm the location, at which time he was told that the hearing was "over" because he had not been there at 9:00 a.m.

In a default final order issued in October 2012, the board denied petitioner's motion to reschedule. As relevant on review, the board stated as follows with respect to petitioner's motion to reschedule the hearing:

"OAR 137-003-0075(2) provides that: 'If the party failed to appear at the hearing and, before issuing a final order by default, the agency finds that the failure of the party

to appear was caused by circumstances beyond the party's reasonable control, the agency may not issue a final order by default under section (1)(c) of this rule but shall schedule a new hearing.' In this case, the facts are not in dispute, so there is no need to schedule a hearing on the reasons for Licensee's failure to appear, *see* OAR 137-003-0670(2). The issue is whether Licensee has articulated 'good cause' to explain his decision not to attend the hearing, which began at 9:00 am on August 13, 2012[.] * * * The Board does not find that Licensee's failure to appear is attributable to good cause or to circumstances that were beyond Licensee's reasonable control. When Licensee submitted his request to postpone the hearing on August 6, 2012, he represented that he now had funds to rehire his attorney, but the attorney was no longer available for the August 13 - 16 scheduled hearing. The Board concludes that Licensee had the ability to confer with his legal counsel, and suffered under no misunderstanding when the hearing was to begin. Neither did he encounter any unexpected circumstances that prevented his appearance at the hearing on August 13, 2012, at 9:00 am. He had notice, and made the decision not to appear at the time and place specified in the notice of hearing. And he had been informed on May 17, 2012 [in the Amended Complaint], that his failure to appear at any hearing scheduled by the Board 'will constitute waiver of the right to a contested case hearing and will result in a default order.'"

As quoted above, the board articulated that it did not schedule a hearing on petitioner's motion to reschedule because "the facts are not in dispute."

On review, petitioner points out that OAR 137-003-0670(2) provides that, "[i]f the reasons for the party's failure to appear are in dispute, the administrative law judge shall schedule a hearing on the reasons for the party's failure to appear." Petitioner argues that the board applied an incorrect legal standard when it failed to schedule a hearing because "reasons" are not the same as "facts" and the board did dispute several of his "reasons" for failing to appear.

The board responds that "the rule required the board determine, *as a factual matter*, whether there was any dispute over petitioner's reasons for not appearing at the hearing," and that the board correctly stated and applied that

standard. (Emphasis in original.) The board also responds that petitioner's reasons were not in dispute—that is, the board accepted petitioner's reasons, but only concluded, as a legal matter, that those reasons did not establish "good cause."

The rule at issue provides:

> "If the party failed to appear at the hearing and, before issuing a final order by default, the agency or administrative law judge finds that the party had good cause for not appearing, the agency or administrative law judge may not issue a final order by default under section (1)(c) of this rule. In this case, the administrative law judge shall schedule a new hearing. If the *reasons* for the party's failure to appear are in dispute, the administrative law judge shall schedule a hearing on the reasons for the party's failure to appear."

OAR 137-003-0670(2) (emphasis added). Thus, the rule provides that a person may be excused for having failed to appear at a hearing if the person had good cause for not appearing. When the reasons for failing to appear are in dispute, the person is entitled to a hearing regarding those reasons.

As noted above, the board and petitioner disagree about the meaning of the word "reasons" as used in that context. The board asserts that a hearing is required only if there is a dispute over facts (essentially equating "reasons" and "facts"); petitioner argues that a dispute over reasons can require a hearing even when the facts are not in dispute (necessarily contending that "reasons" means something other than "facts"). We need not resolve that dispute in this case, however, because, under any plausible interpretation of the rule, petitioner was entitled to a hearing on his motion to reschedule the disciplinary hearing. Here, the facts related to petitioner's failure to appear at the disciplinary hearing were in dispute and petitioner was, therefore, entitled to a hearing, regardless of whether "reasons" means "facts," as the board argues, or, something different.

First, petitioner asserts that he assessed whether he had to be present at 9:00 a.m. on the first day of hearing "without the benefit of counsel." The board found, however, that petitioner "had the ability to confer with his

legal counsel" on that point. Thus, there is a dispute about whether petitioner had the benefit of legal counsel regarding his obligation to appear at the hearing. Second, petitioner asserts that he reasonably believed that the hearing would take place over four days (as he had been notified) and he could appear midmorning on the first day without risking default, because the board would still be presenting its witnesses. The board found, to the contrary, that petitioner "made the decision not to appear at the time and place specified in the notice of hearing" and had been informed that his failure to appear would result in default. Thus, the board at least implicitly rejected petitioner's *factual* assertion that he believed, in good faith, that he could appear midmorning on the first of the four days scheduled for the hearing because the hearing would be ongoing at that time. Those two disputes of facts are sufficient to entitle petitioner to a hearing under OAR 137-003-0670(2) even if, as the board argues, the word "reasons," as used in that rule, means "facts."

The concurrence would reach the parties' argument over whether "reasons" means something different than "facts" because, the concurrence explains, the board asked and answered the wrong question—whether the *facts* related to petitioner's failure to appear were in dispute—when OAR 137-003-0670(2) demands that the agency answer whether the *reasons* for the failure to appear are in dispute. However, because the resolution of this case does not require answering that question, we should not do so.

Having concluded that the board procedurally erred when it did not provide petitioner with a hearing before the ALJ, we must remand this matter for further proceedings if "the fairness of the proceedings or the correctness of the action may have been impaired" by that "failure to follow prescribed procedure." ORS 183.482(7). Here, the fairness of the proceedings may have been impaired. Petitioner was entitled to have a hearing before a neutral ALJ on the reasons for his not appearing once the board disputed the facts articulated by petitioner. Instead, the board resolved those disputed factual issues in its own favor. Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.

**EGAN, P. J.,** concurring.

I agree that petitioner should be granted a hearing for the reasons stated by the majority. I write separately because I would also conclude that the Oregon Medical Board (the board) incorrectly construed OAR 137-003-0670(2) when it denied petitioner a hearing.

In interpreting a rule, "our task is to ascertain the intent of the body that promulgated it." *Perlenfein and Perlenfein*, 316 Or 16, 20, 848 P2d 604 (1993). To ascertain that intent, we "look to the text of the rule, in the context of other portions of the rule and related laws," and may consider the rule's history, to the extent the history is helpful. *Phillips v. Dept. of Public Safety Standards*, 275 Or App 224, 235, 364 P3d 717 (2015), *rev den*, 358 Or 794 (2016). Because the rule was promulgated by the Department of Justice as part of the Office of Administrative Hearings rules for contested cases (OAH rules), we do not apply a deferential standard to the board's construction of the rule. *Lederer v. Viking Freight, Inc.*, 193 Or App 226, 236 n 6, 89 P3d 1199, *adh'd to as modified on recons*, 195 Or App 94, 96 P3d 882 (2004).

The pertinent portion of OAR 137-003-0670(2) provides that the administrative law judge (ALJ) shall schedule a hearing "[i]f the *reasons* for the party's failure to appear are in dispute." (Emphasis added.) In the context of that rule, the plain meaning of "reasons" is the party's explanation—including the party's subjective belief, motive, or justification—why the facts constitute good cause under the rules.[1] A party's reasons are not synonymous with the

---

[1] "Reason" is defined as:

"1 a : an expression or statement offered as an explanation of a belief or assertion or as a justification of an act or procedure <gave ~s that were quite satisfactory> b : a consideration, motive, or judgment inducing or confirming a belief, influencing the will, or leading to an action or course of action : a rational ground or motive *** c : a sufficient ground of explanation or of logical defense; *esp* : a general principle, law, or warranted presumption that supports a conclusion, explains a fact, or validates a course of conduct <brilliantly outlined the ~s that supported his client's action> d : the thing that makes some fact intelligible : CAUSE *** e : a sane or sound view or consideration[.]"

*Webster's Third New Int'l Dictionary* 1891 (unabridged ed 2002) (boldface omitted).

historical *facts,* instead a party's reasons connect the facts with the legal standard—here, good cause. Thus, it is possible for a party's reasons to be in dispute, even when the historical facts are not.

That plain meaning of "reasons" is supported by the context of the OAH rules. In the OAH rules, the terms "facts" and "reasons" are used as separate terms. If a rule provides for a hearing when the facts are in dispute, then the rule so states. *See* OAR 137-003-0528(3) ("If the agency or another party disputes the facts contained in the explanation of why the request for hearing is late, the agency will provide a right to a hearing on the reasons why the hearing request is late."). If a rule provides for a hearing when the reasons are in dispute, then the rule so states. *See* OAR 137-003-0670(2) ("If the reasons for the party's failure to appear are in dispute, the administrative law judge shall schedule a hearing on the reasons for the party's failure to appear."); OAR 137-003-0672(4) (same). Also, in other contexts in the OAH rules, the terms facts and reasons have different meaning. The term "reasons" is used consistently to refer to something more than the facts, such as a reasoned explanation why the facts lead to a particular result. *See, e.g.,* OAR 137-003-0530(3) ("The agency or administrative law judge may require a statement explaining the reasons for the late filing."); OAR 137-003-0690(3) ("The stay request shall contain * * * [a] statement of facts and reasons sufficient to show that * * *."). In the context of the OAH rules, the terms facts and reasons were used intentionally to mean different things, and I believe that we must give meaning to that intention. Thus, I would also conclude that, when the board denied petitioner a hearing because it determined that the *facts* were not in dispute, the board legally erred in its construction of OAR 137-003-0670(2).

Accordingly, I respectfully concur.