ENERTROL POWER MONITORING CORP.,
*Appellant,*

*v.*

STATE OF OREGON
and Control Contractors, Inc.,
*Respondents.*

(89C-11213; CA A64063)

814 P2d 556

Robert J. Mulvihill, Portland, argued the cause for appellant. With him on the briefs was Schouboe, Marvin & Furniss, Portland.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent State of Oregon. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Fred A. Divita, Eugene, filed a Notice of Reliance on Brief of Co-Respondent for respondent Control Contractors, Inc.

Before Joseph, Chief Judge, and Newman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Plaintiff appeals from a summary judgment for defendants in this action in which it asserts that its disqualification from bidding on a public contract violated applicable statutes.

In January, 1989, the state Legislative Administration Committee (LAC) published an advertisement for bids for an automation and control system for the State Capitol Building. The advertisement specified that interested contractors should submit prequalification data. Plaintiff was among the contractors that responded. In April, LAC notified plaintiff by letter that it was disqualified. Throughout the process, LAC attempted to follow the prequalification requirements of ORS 279.037 *et seq.* However, plaintiff contends, and the state concedes, that the procedures generally and the disqualification notice to plaintiff specifically violated the statutes in a number of respects, some of which we will describe in the context of our discussion of the issues to which they pertain. Ultimately, LAC awarded the contract to defendant Control Contractors, Inc. (Control).

Plaintiff then brought this action in circuit court, pleading a claim for declaratory relief and a second claim under the Administrative Procedures Act. Plaintiff did not pursue an appeal under ORS 279.043 and ORS 279.045, the specific appeal provisions for contractors who have been disqualified pursuant to the prequalification statutes.[1] By the

---

[1] ORS 279.043 provides:

"Any person who wishes to appeal disqualification as a bidder shall, within three business days after receipt of notice of disqualification, notify the public contracting agency that the person appeals the disqualification. Immediately upon receipt of such notice of appeal, a public contracting agency which is an agency of the State of Oregon shall notify the director. If the public contracting agency is a political subdivision of the state or a public body created by intergovernmental agreement, it shall notify the appropriate board."

ORS 279.045 provides, in pertinent part:

"(1) The procedure for appeal from a disqualification by a public contracting agency shall be in accordance with this section and is not subject to ORS 183.310 to 183.550 [the APA] except where specifically provided by this section.

"* * * * *

"(3) In the hearing the director or board shall consider de novo the notice of disqualification, the record of the investigation made by the public contracting agency and any evidence provided by the parties. In all other respects, hearings before the director shall be conducted in the same manner as a contested case

terms of ORS 279.045(1) and (6), the administrative and judicial review provisions of the statute are exclusive. *See Clark Electric, Inc. v. State Highway Division,* 93 Or App 693, 763 P2d 1199 (1988).

The threshold question is whether the trial court had jurisdiction over this action for relief under the declaratory judgment statute and the APA. Plaintiff argues that ORS 279.045(6)

"refers to judicial review of [agency] decisions regarding the merits of a bidder's disqualification made under the appeal and hearing provisions of ORS 279.045. * * * [A]lthough [plaintiff] has always contested the merits of its disqualification, it is not contesting the merits of its disqualification in this piece of litigation."

Rather, plaintiff contends, it is contesting the procedures that LAC followed and is disputing the entire process by which the contract was awarded, not simply its own disqualification.

■ Neither the substantive review nor the exclusivity provisions of ORS 279.045 support plaintiff's distinction between procedure and the merits of a disqualification. Both are reviewable under ORS 279.045(3). It is true that plaintiff's first amended complaint contains allegations that relate to facets of the award process in addition to its own disqualification and also that the relief that it seeks includes the "nullification" of and injunction against further work under the contract between the state and Control. However, the gravamen of the action and the contention on which all the others depend, is that plaintiff was improperly disqualified. More fundamentally, it is beyond dispute that plaintiff *was* disqualified under circumstances to which ORS 279.045

under ORS 183.415(3) to (6) and (9), 183.425, 183.440 and 183.450. Hearings before a board shall be conducted under rules of procedure adopted by the board.

"* * * * *

"(5) The decision of the director or board may be reviewed only upon a petition in which the circuit court of the county in which the director or board has its principal office filed within 15 days after the date of the decision. * * *

"(6) The procedure provided in this section is the exclusive means of judicial review of the decision of the director or board. The judicial review provisions of ORS 183.480 and writs of review and mandamus as provided in ORS chapter 34, and other legal, declaratory and injunctive remedies are not available."

applies; a statutory exclusive review provision cannot be circumvented simply by alleging some facts that fall outside its scope, when the essential claim is within the scope of the statute.

■     Plaintiff's stronger argument is that it was prevented from pursuing an appeal under ORS 279.043 and ORS 279.045, because LAC's April, 1989, disqualification letter did not inform plaintiff of its appeal rights, as required by ORS 279.041(2). However, that fact does not change what plaintiff's appeal rights *were*. It *may* have had the effect of tolling the time for appeal under the applicable statute, but it does not create jurisdiction under other statutes that the applicable one expressly makes unavailable.[2]

■     Plaintiff also relies on ORS 279.039(2), which requires the contracting agency to specify, in a notice of disqualification, "which subsections of ORS 279.037 the prospective bidder failed to comply with." The statute then prescribes:

> "Unless the reasons are specified, the bidder shall be deemed to have been prequalified in accordance with the application."

Plaintiff argues that, because the notice did not apprise it of the reasons, it was prequalified as a matter of law. However, that question, too, is one that may be decided only through the exclusive statutory procedure for review of disqualification decisions. We hold that the trial court lacked jurisdiction over this action.[3]

Judgment vacated; remanded with instructions to dismiss.

---

[2] We emphasize that we do not decide the tolling question, either as a matter of law or under the facts. We do not decide the question whether mandamus relief under ORS 183.490 might be available to compel agency compliance with prequalification procedural requirements.

[3] The basis for our disposition makes it unnecessary for us to decide whether LAC is subject to the requirements of ORS chapter 279 or to decide the other questions that we have not addressed.