Argued and submitted November 6, 1991, decision of the Court of Appeals reversed and case remanded to the Court of Appeals for further proceedings August 6, reconsideration denied September 29, 1992

## ENERTROL POWER MONITORING CORP.,
*Petitioner on Review,*

*v.*

## STATE OF OREGON
and Control Contractors, Inc.,
an Oregon corporation,
*Respondents on Review.*

(CC 89C-11213; CA A64063; SC S38386)

836 P2d 123

Robert J. Mulvihill, Santa Ana, California, argued the cause for petitioner on review. With him on the petition was James H. Marvin, Portland.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondents on review. With him on the response to the petition for review were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

UNIS, J.

## UNIS, J.

ORS chapter 279 establishes requirements for competitive bidding for public contracts. ORS 279.039 establishes a procedure for public contracting agencies to establish prequalification of contractors.

The Legislative Administration Committee (LAC) is a statutory committee created to assist the Oregon Legislative Assembly. ORS 173.710. LAC consists of the Speaker of the House of Representatives, the President of the Senate, and other members of both legislative chambers. ORS 173.730(1). The committee selects a legislative administrator to assist in its work, ORS 173.710, and the administrator may select other assistants, ORS 173.740(1).

The central issue presented in this case is whether LAC is a "public agency" or "public contracting agency" within the meaning of ORS 279.011(6)[1] and, therefore, is subject to the public contracting requirements of ORS chapter 279. We hold that it is not.

We take the following undisputed facts, as modified, from the Court of Appeals opinion:

"In January, 1989, [LAC] published an advertisement for bids for an automation and control system for the State Capitol Building. The advertisement specified that interested contractors should submit prequalification data. Plaintiff was among the contractors that responded. In April, LAC notified plaintiff by letter that it was disqualified. [Plaintiff claims, and the state denies, that, t]hroughout the process, LAC attempted to follow the prequalification requirements of ORS 279.037 *et seq.* However, plaintiff contends, and the state concedes, that the procedures generally and the disqualification notice to plaintiff specifically violated the statutes in a number of respects * * *. Ultimately, LAC awarded the contract to defendant Control Contractors, Inc."

*Enertrol Power Monitoring Corp. v. State of Oregon,* 108 Or App 166, 168, 814 P2d 556 (1991).

Plaintiff then brought an action in circuit court, asserting a claim for declaratory action, injunctive relief, and

---

[1] Quoted *infra* at 314 Or 82.

monetary damages. The circuit court entered summary judgment for defendants. The Court of Appeals vacated the judgment of the circuit court and remanded the case to the circuit court with instructions to dismiss. The Court of Appeals held that, because ORS 279.045,[2] which deals with public contracts, provides the exclusive process to challenge LAC's decision, the circuit court lacked jurisdiction. *Enertrol Power Monitoring Corp. v. State of Oregon, supra*, 108 Or App at 170. Plaintiff argues that it is not challenging the merits of its disqualification in this proceeding.[3] Rather, plaintiff argues that it is contesting the procedure that LAC followed, arguing that the process itself was improper for failure to follow the public contracting requirements of ORS chapter 279. The Court of Appeals concluded that plaintiff's challenge was no more than a challenge of its disqualification on the merits and held that ORS 279.045 provided the exclusive remedy. *Id.* at 169-70.

The Court of Appeals determined that, because of its disposition of the case, it was "unnecessary for [it] to decide whether LAC is subject to the requirements of ORS chapter 279." *Id.* at 170 n 3. The Court of Appeals' holding that ORS 279.045 provides the exclusive remedy for challenging disqualifications under ORS chapter 279 necessarily assumes,

---

[2] ORS 279.045 provides in part:

"(1) The procedure for appeal from a disqualification by a public contracting agency shall be in accordance with this section and is not subject to ORS 183.310 to 183.550 [the APA] except where specifically provided by this section.

"* * * * *

"(3) In the hearing the director or board shall consider de novo the notice of disqualification, the record of the investigation made by the public contracting agency and any evidence provided by the parties. In all other respects, hearings before the director shall be conducted in the same manner as a contested case under ORS 183.415(3) to (6) and (9), 183.425, 183.440 and 183.450. Hearings before a board shall be conducted under rules of procedure adopted by the board.

"* * * * *

"(5) The decision of the director or board may be reviewed only upon a petition in the circuit court of the county in which the director or board has its principal office filed within 15 days after the date of the decision. * * *

"(6) The procedure provided in this section is the exclusive means of judicial review of the decision of the director or board. The judicial review provisions of ORS 183.480 and writs of review and mandamus as provided in ORS chapter 34, and other legal, declaratory and injunctive remedies are not available."

[3] Plaintiff does not concede that its disqualification was proper.

however, without analyzing or deciding, that ORS chapter 279 applies. The court's discussion of whether plaintiff presents a broader procedural challenge for failure to follow ORS chapter 279 and whether such a challenge is within the parameters of the exclusive remedy of ORS 279.045 is irrelevant if LAC is not subject to the requirements of ORS chapter 279 in the first place. The threshold issue in determining whether the circuit court had jurisdiction, therefore, is whether LAC is subject to the public contracting requirements of ORS chapter 279. The state argues that LAC is not subject to those requirements. For the reasons that follow, we agree.

ORS 279.011(6) provides that, for purposes of ORS 279.011 to 279.111, which deal with purchasing and bids and bidding in general:

" 'Public agency' or 'public contracting agency' means any agency of the State of Oregon or any political subdivision thereof authorized by law to enter into public contracts and any public body created by intergovernmental agreement."

We must determine whether LAC is an "agency of the State of Oregon" and, as such, is a "public agency" or a "public contracting agency" under ORS 279.011(6) and subject to the public contracting requirements of ORS chapter 279. In construing a statute, the task of this court is to discern the intent of the legislature. ORS 174.020; *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1991). The best evidence of legislative intent is the statute itself, and we begin with it. *Mattiza v. Foster, supra*, 311 Or at 4.

The phrase "authorized by law to enter into public contracts" in the definition in ORS 279.011(6), even if it is intended to modify "any agency of the State of Oregon," does not assist us, because a public contract is "any purchase, lease or sale *by a public agency* of personal property, public improvements or services other than agreements which are for personal service." ORS 279.011(5) (emphasis added). Analysis based on these two provisions would be circular.

The term "agency" is used in ORS 279.011(6), both in the term being defined and in its definition, and is not otherwise defined for purposes of ORS chapter 279 or for purposes of the statutes as a whole in the general definitions

set forth in ORS 174.100. The term "agency" has several common meanings.[4] It can refer generally to any actor with authority to act on behalf of another, or it can refer more specifically to a body within government subject to the regulations of administrative law and procedure. The use of the term "agency" in ORS 279.011(6) in conjunction with the phrase "of the State of Oregon" does not make it clear what the legislature intended.

According to a computerized search of the 1991 Oregon Revised Statutes on LEXIS, the term "agency," or some form of the term (like "public agency"), is defined 99 times and is used 4,857 times. For example, "state agency" is defined in ORS 171.133(2), for purposes of the Governor's approval of legislative bills, to mean:

> "[E]very state agency whose costs are paid wholly or in part from funds held in the State Treasury, except the Legislative Assembly, the courts and their officers and committees, and except the Secretary of State, the State Treasurer, the Attorney General, the Commissioner of the Bureau of Labor and Industries and the Superintendent of Public Instruction."

For purposes of custody and maintenance of public records, ORS 192.005(7) provides:

> " 'State agency' means any state officer, department, board, commission or court created by the Constitution or statutes of this state. However, 'state agency' does not include the Legislative Assembly or its committees, officers and employees."

ORS 192.072(1)(b) then redefines "state agency" within the same chapter, but for purposes of that one section only, to include "the Legislative Assembly, its committees, officers

---

[4] The Random House Dictionary of the English Language (unabridged, 2d ed 1987) (emphasis in original) defines "agency" as:

"1. an organization, company, or bureau that provides some service for another: *a welfare agency.* 2. a company having a franchise to represent another. 3. a governmental bureau, or an office that represents it. * * * 6. an administrative division of government."

Webster's Third New International Dictionary (unabridged, 1976) defines "agency" as:

"1: the capacity, condition, or state of acting or of exerting power * * * 2: a person or thing through which power is exerted or an end is achieved * * * 4a: an establishment engaged in doing business for another * * * 5a: a department or other administrative unit of a government."

and employees." ORS chapter 291 defines "state agency" or "agency" to exclude the Legislative Assembly in general, ORS 291.002(7), then to include "the Legislative Assembly and any of its statutory standing, special or interim committees" in ORS 291.011(4)(b), then to include "the Legislative Assembly, at its option, or any of its statutory, standing, special or interim committees, at the option of such committee" in ORS 291.030, and to include the Legislative Assembly in ORS 291.272(4).

■  The legislature's definition of a term made applicable to one portion of the statutes does not control on the meaning of the term in another portion of the statutes. *State ex rel Frohnmayer v. Oregon State Bar*, 307 Or 304, 308 n 2, 767 P2d 893 (1989). Given the "will-o'-the wisp character of the term 'state agency,' " that term "means whatever the legislature says it means; its breadth or narrowness fluctuates according to the legislative definition." *Id.* at 313 (Carson, J., dissenting). It is not clear in the present case whether the terms "state agency," "public agency," "public contracting agency," and "agency of the State of Oregon" were used by the legislature synonymously. In ORS 279.011(6), the legislature has defined "public agency" and "public contracting agency," but has not defined "agency of the State of Oregon."

We conclude that ORS 279.011(6) is ambiguous with respect to whether LAC falls within the definition of "public agency" or "public contracting agency." Because the language and context of the statute do not provide clear insight into the legislative intent, we have examined legislative history. *Mattiza v. Foster, supra*, 311 Or at 4. Unfortunately, the legislative history, both of the definition of "public agency" and "public contracting agency" in ORS chapter 279 and of the statutory language creating and defining LAC in ORS chapter 173, is not helpful in our analysis.

■  Other aids to construction having failed, we are left to ascertain the most likely legislative intent in using the term "agency." We believe that, when the term "agency" or "agency of the State of Oregon" is used by the legislature without definition and without a clear indication to the contrary, the most likely meaning of the term is an entity of the executive branch of government. Statutory committees of

the legislative branch like LAC are, by contrast, instrumentalities of the legislative branch. Although possible, it seems unlikely to us that the legislature considered itself to be an "agency" under ORS chapter 279.

Because LAC is not an "agency of the State of Oregon" as that term is used in ORS 279.011(6), LAC is not a "public agency" or a "public contracting agency" as defined in ORS 279.011(6) and is not, therefore, subject to the public contracting laws in ORS chapter 279. Because the public contracting requirements do not apply, ORS 279.045 does not provide plaintiff a remedy and, *a fortiori*, not an exclusive one. The circuit court was not divested of jurisdiction of plaintiff's claims by virtue of ORS 279.045.

The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for further proceedings.[5]

---

[5] Our disposition of the case leaves other assignments of error to be dealt with by the Court of Appeals.