Submitted on remand from the Oregon Supreme Court October 1, affirmed
November 18, 1992

ENERTROL POWER MONITORING CORP.,
an Oregon corporation,
*Appellant,*

*v.*

STATE OF OREGON
and Control Contractors, Inc.,
an Oregon corporation,
*Respondents.*

(89C-11213; CA A64063)

841 P2d 694

Robert J. Mulvihill and Schouboe, Marvin & Furniss, Portland, for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jas. Adams, Assistant Attorney General, Salem, for respondent State of Oregon.

Fred A. Davita, Eugene, filed a Notice of Reliance on Brief of Co-Respondent for respondent Control Contractors, Inc.

Before Joseph, Chief Judge, and De Muniz and Durham, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

This appeal is before us on remand from the Oregon Supreme Court. The facts are stated in our previous opinion, *Enertrol Power Monitoring Corp. v. State of Oregon*, 108 Or App 166, 814 P2d 556 (1991), and in the Supreme Court's opinion and will be repeated only as necessary to an understanding of the issues that we discuss.

Plaintiff brought this action against the state, alleging that the Legislative Administration Committee (LAC) did not comply with ORS chapter 279 in awarding a public contract to defendant Control Contractors, Inc., rather than to plaintiff. In its amended complaint, plaintiff stated a claim for declaratory, injunctive and monetary relief and also petitioned for judicial review of LAC's action pursuant to the Administrative Procedures Act.

All parties moved for summary judgment, and the trial court granted defendants' motion. Plaintiff appealed. Without deciding whether ORS chapter 279 applies to LAC, we concluded that the alleged violations of that chapter that plaintiff pleaded, and that comprised plaintiff's only theory for relief, fell within the exclusive appeal provisions of ORS 279.045. Therefore, the circuit court lacked jurisdiction over plaintiff's claim under other remedial provisions. The Supreme Court concluded on review that LAC is not "subject to the public contracting laws in ORS chapter 279. Because the public contracting requirements do not apply, ORS 279.045 does not provide plaintiff a remedy and, *a fortiori*, not an exclusive one." 314 Or 78, 85, 836 P2d 123 (1992). The court reversed our decision and remanded the case to us, explaining that its "disposition of the case leaves other assignments of error to be dealt with by the Court of Appeals." 314 Or at 85 n 5.

Although the Supreme Court's decision does leave assignments for us to decide, it does not leave much for us to say. Plaintiff has pursued *relief* under other statutes, ORS chapters 28 and 183, but the only *theory* that it asserts for a remedy is that LAC violated provisions of ORS chapter 279. Those provisions do not apply to LAC; plaintiff, therefore, has no claim for the purported violations, regardless of the procedure by which it seeks to make the claim.

The only assignment of error that the preceding discussion does not resolve is plaintiff's third, in which it contends that the court erred by refusing to allow it to amend its complaint a second time. Plaintiff moved to amend after the summary judgment hearing had been held. The trial court did not abuse its discretion by denying the motion.

Affirmed.