Argued and submitted October 19, 1992, affirmed May 12, reconsideration denied
August 11, petition for review denied September 21, 1993 (317 Or 583)

# Connie BARNES,
*Appellant,*

*v.*

# CITY OF PORTLAND,
*Respondent.*

## (A9106-03921; CA A72532)

852 P2d 265

Victor Calzaretta, Portland, argued the cause and filed the briefs for appellant.

Nancy E. Ayres, Deputy City Attorney, Portland, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

In this unlawful employment practice action, plaintiff appeals a summary judgment for defendant. We affirm.

In 1988, plaintiff suffered a compensable injury while working for defendant. She filed a workers' compensation claim, which defendant accepted. She became medically stationary on September 20, 1989. On that same day, she accepted employment with a different employer. On June 28, 1990, plaintiff's attorney wrote a letter to defendant, stating that plaintiff was capable of returning to her former employment with defendant and requesting that she be reinstated to her former position or other suitable employment. Defendant requested medical verification that plaintiff could return to work for it. On July 25, 1990, plaintiff's physician verified plaintiff's ability to return to her former employment. Defendant then denied plaintiff's request for reinstatement, because plaintiff had accepted suitable employment with another employer after she became medically stationary.

Plaintiff brought this action for violation of ORS 659.415(1), which provides, in part:

"A worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment upon demand for such reinstatement, if the position exists and is available and the worker is not disabled from performing the duties of such position."[1]

Violation of that statute is an unlawful employment practice. ORS 659.415(4).

Defendant moved for summary judgment, arguing that its failure to reinstate plaintiff was not a violation of the statute, because plaintiff had accepted suitable employment with another employer after she became medically stationary. It relied on ORS 659.415(3), a subsection that was added to the statute by Oregon Laws 1990 (Special Session), chapter 2, section 45. It provides, in part:

"Notwithstanding subsection (1) of this section:

---

[1] We quote and refer to ORS 659.415 as amended in 1990, unless otherwise specified. The differences between the current and pre-amendment versions of subsection (1) do not affect our analysis here.

"(a)   The right to reinstatement to the worker's former position under this section terminates when whichever of the following events first occurs:

"* * * * *

"(C)   The worker accepts suitable employment with another employer after becoming medically stationary."

Plaintiff responded that ORS 659.415(3) does not apply to her, because she demanded reinstatement before it became effective. Under pre-amendment law, acceptance of employment with another employer did not terminate an employee's right to reinstatement under ORS 659.415(1). The trial court granted summary judgment for defendant.

■■   Unless the legislature expressly provides that a statute applies retroactively, the general rule is that the rights and liabilities of a person who is affected by an event are defined and measured by the statutes in effect at the time of the event. *Whipple v. Howser*, 291 Or 475, 632 P2d 782 (1981); *Joseph v. Lowery*, 261 Or 545, 495 P2d 273 (1972); *Holmes v. SAIF*, 38 Or App 145, 589 P2d 1151 (1979). The amendment to ORS 659.415 was part of SB 1197, enacted as Oregon Laws 1990 (Special Session), chapter 2. Section 54 of chapter 2 provides, in part:

"(1)   Except for amendments to [statutes not applicable here], this 1990 Act becomes operative July 1, 1990, and notwithstanding ORS 656.202, this 1990 Act applies to all claims existing or arising on and after July 1, 1990, regardless of date of injury, except as specifically provided in this section.

"(2)   Any matter regarding a claim which is in litigation before the Hearings Division, the board, the Court of Appeals or the Supreme Court under this chapter, and regarding which matter a request for hearing was filed before May 1, 1990, and a hearing was convened before July 1, 1990, shall be determined pursuant to the law in effect before July 1, 1990."

Defendant argues that *amended* ORS 659.415, including subsection (3), applies to defeat plaintiff's action, because the 1990 amendments apply to all "claims" existing on July 1, 1990, and plaintiff's claim for unlawful employment practice existed on July 1. Plaintiff argues that the amendment does not apply, because "claim," as used in section 54, means a

claim for compensation under ORS chapter 656, not a cause of action for unlawful employment practice under ORS chapter 659. Therefore, she argues that the pre-amendment law applies, because she demanded reinstatement on June 28, before the July 1 effective date of the amendments.

We agree with plaintiff that the legislature's use of the word "claim" in section 54 means a claim for workers' compensation benefits under ORS chapter 656. SB 1197 was a comprehensive revision of the workers' compensation law. The only other statutes outside ORS chapter 656 that were amended by the passage of SB 1197 were ORS 659.415, which is at issue here, ORS 654.176 and ORS 654.182, relating to employer safety committees, and ORS 731.300, which relates to examination of domestic insurers. The 1990 amendment to the latter statute deleted the references to ORS 656.430. The purpose of the special session legislation was to revise workers' compensation law; its references throughout the legislation to "claims" related to claims for compensation under ORS chapter 656.

Even the context of section 54 alone indicates that "claims" are workers' compensation claims. Subsection (1) says that, "notwithstanding ORS 656.202, this 1990 Act applies to all claims existing or arising on and after July 1, 1990 * * *." ORS 656.202 directs that, unless otherwise provided, payment of workers' compensation benefits shall be according to the law in force at the time of the injury. Section 54(2) refers to claims that are in litigation before the Hearings Division or the Workers' Compensation Board, for which hearings are held. Hearings are held on matters concerning workers' compensation claims. They are not held on actions for unlawful employment practices that are brought under ORS chapter 659. We conclude that the legislative expression of retroactive application of the 1990 amendments applies to claims for compensation under ORS chapter 656, not to causes of action under ORS chapter 659.

■ The issue then is whether plaintiff had a cause of action for unlawful employment practice before July 1, 1990. If she did, *amended* ORS 659.415 does not apply. If she did not have a cause of action until after July 1, 1990, *amended* ORS 659.415 does apply. Under both versions of the statute, a worker is entitled to reinstatement when there is a demand

for reinstatement, the position is available and the worker is not disabled from performing the duties of the position. There cannot be a violation of that right until the employer fails to offer reinstatement. Here, plaintiff alleges that she demanded reinstatement on June 28, that employer requested verification of her ability to work, and that the verification was given on July 25. There was no duty to reinstate her any time before July 25. Therefore, she could not have had a cause of action until July 25, at the earliest, and ORS 659.415(3) defeats her action.

Affirmed.