Argued and submitted April 3, affirmed December 24, 1996, petition for review
allowed May 20, 1997 (325 Or 367)
See later issue Oregon Reports

Donna ARMSTRONG,
*Appellant,*

*v.*

ROGUE FEDERAL CREDIT UNION,
*Respondent.*

(94-2777-L-2; CA A89715)

929 P2d 1066

Thomas C. Howser argued the cause for appellant. On the opening brief were Judith H. Uherbelau and Howser and Munsell.

Conrad E. Yunker argued the cause for respondent. With him on the brief was Kevin L. Mannix, P.C.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

Armstrong, J., dissenting.

**WARREN, P. J.**

The issue in this case is whether an employer commits an unlawful employment practice, within the purview of ORS 659.415, by rejecting an injured worker's demand for reinstatement during the pendency of litigation over whether the worker's injury is compensable. We affirm the judgment for defendant.

The facts are undisputed. On May 25, 1990, plaintiff's physician ordered her off work due to work-related stress and depression. On November 6, 1990, SAIF Corporation, on behalf of defendant, Rogue Federal Credit Union, denied plaintiff's claim for workers' compensation benefits. Plaintiff challenged the denial and an administrative law judge (ALJ) held a hearing on the matter. On May 22, 1992, before the ALJ had issued a decision, plaintiff was released to work by her physician. Plaintiff informed defendant of the release and demanded reinstatement under ORS 659.415. In response, defendant terminated plaintiff's employment effective June 15, 1992. On September 10, 1992, the ALJ issued an order upholding SAIF's denial of the claim, on the ground that her injury was not compensable. On September 27, 1993, the Board reversed the ALJ's decision and held that plaintiff's claim was compensable. Defendant did not seek judicial review of the Board's decision.

Following the Board's order, plaintiff filed this action, asserting, *inter alia*, that defendant had violated ORS 659.415 by failing to reinstate her. Before trial, and on stipulated facts, the court granted defendant's motion for partial summary judgment on plaintiff's claim under ORS 659.415. The court then entered judgment for defendant under ORCP 67 B, dismissing that claim:

> "The court hereby FINDS that at the time plaintiff made her demand for reinstatement pursuant to ORS 659.415, her work-related injury or disease was not compensable, and did not become compensable until some time later, after contested litigation in the administrative hearings process. Taking the facts in the light most favorable to plaintiff, her demand for reinstatement was premature and could not, as a matter of law, give rise to a cause of action under the statute."

ORS 659.415 provides, in part:

"(1)   A worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment upon demand for such reinstatement, if the position exists and is available and the worker is not disabled from performing the duties of such position. * * *

"* * * * *

"(4)   Any violation of this section is an unlawful employment practice."

On appeal, plaintiff contends that the statute is not clear that the claim must be determined to be compensable when demand for reinstatement is made.[1] Defendant argues that the plain meaning of ORS 659.415 shows that plaintiff's injury must have been determined to be compensable by the time she demanded reinstatement in order for the failure to reinstate to constitute a violation. Defendant is correct. We agree with plaintiff that her suggested reading is plausible, but in context it is clear she is incorrect.

■   The Bureau of Labor and Industries (BOLI) is charged with the administration of the employment discrimination law. ORS 659.040 to ORS 659.103. That statutory scheme reveals that the legislature delegated broad authority to BOLI to develop the concept of reinstatement. ORS 659.103. Accordingly, BOLI promulgated OAR 839-06-120, stating that, "[t]o have rights under ORS 659.415 * * * a person must be an injured worker as defined in OAR 839-06-105(5)." OAR 839-06-105(5), effective March 12, 1996, defines "injured worker" as a worker who has had a compensable injury as determined by acceptance of the claim under the Oregon Workers' Compensation Statutes. Although OAR 839-06-105(5) does not address the precise issue presented in this case, it supports the conclusion that the determination

---

[1] Plaintiff does claim in this case that employer terminated her, and thereby committed an unlawful employment practice, because she filed a claim for benefits. ORS 659.410. Plaintiff does contend that "reinstatement should be required pending the [outcome] of the administrative process." We do not understand her contention to be that employer committed an unlawful employment practice because her request was continuing in nature, and, thus, the administrative determination that her injury was compensable triggered an affirmative duty on the part of employer to reinstate her.

that an injured worker's injury is compensable is a condition precedent to the right to reinstatement.

■  An injured worker's right to reinstatement cannot be violated, and, thus, a claim for an unlawful employment practice under ORS 659.415(1) cannot accrue, until the employer fails to reinstate after the worker is released to return to work. *Barnes v. City of Portland*, 120 Or App 24, 28-29, 852 P2d 265, *rev den* 317 Or 583 (1993). The question is not, then, as the parties have framed it, whether plaintiff's claim was compensable when reinstatement was denied, but whether defendant's conduct was wrongful when it occurred. Turning to the text of the statute, ORS 659.415 provides that an employer *shall* reinstate an injured worker upon demand when: (1) the worker has suffered a compensable injury; (2) the worker's former position "exists," and (3) the worker's former position is "available," as the term is later defined in the statute. At the time defendant denied plaintiff's demand for reinstatement, plaintiff's claim had not yet been determined to be compensable. Defendant could not have known that plaintiff's claim was compensable and that she was entitled to reinstatement. Its conduct would not at that time have supported an action for an unlawful employment practice.

■■  By reading other provisions in ORS 659.415 in context, and construing them as a whole, we are satisfied that defendant is correct. ORS 659.415(3)(a) limits a worker's right to reinstatement by setting forth six grounds on which the right terminates. ORS 659.415(3)(a)(F) provides that a worker's right to reinstatement terminates three years from the date of injury. It follows then, that an injured worker's right to reinstatement may terminate *notwithstanding* the fact that the worker has sustained a compensable injury and that it may terminate *before* the worker can seek reinstatement. To recognize that an injured worker has a right to reinstatement pending the outcome of the contested litigation in the administrative hearings process would be inconsistent with the legislature's statutory scheme. That the legislature used the word "compensable" in reference to the accrual of an injured worker's right to be reinstated to her former position, but did not do so in relation to setting the date on which that right expires, persuades us that the right to reinstatement is dependent on the worker first sustaining a compensable

injury. *See Perlenfein and Perlenfein*, 316 Or 16, 22-23, 848 P2d 604 (1993) (the legislature's use of a particular term in one provision of a statute and omission of that term in a related provision leads to a conclusion that the legislature did not intend that the term apply in the provision from which the term is omitted).

The context in which ORS 659.415(1) occurs convinces us that the determination that a worker has sustained a compensable injury is a condition precedent to the right to reinstatement under ORS 659.415(1).[2] The trial court did not err.

We have considered and reject, without discussion, plaintiff's other arguments.

Affirmed.

**ARMSTRONG, J.,** dissenting.

The majority holds that ORS 659.415 requires a worker's injury to have been accepted as compensable before the worker's employer can be required to reinstate the worker to employment after such an injury. Because it is evident from the text and context of ORS 659.415 that the statute does not impose that requirement on a worker's reinstatement right, I dissent.

In interpreting a statute, the court's task is to discern the intent of the legislature. ORS 174.020; *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). If we can discern that intent from the text of the statute, in context, no further inquiry is necessary. *Id.* at 610-11.

---

[2] *Former* OAR 839-06-105(4)(c) precisely addressed the present question by defining "Injured Worker" for the purposes of ORS 659.415(1) as

"a worker who has had a compensable injury *as determined* by the Employer's acceptance of the claim under the Oregon Workers' Compensation Law, by stipulation of the parties, *by a finding of the Oregon Workers' Compensation Board or by a judicial opinion regarding a finding of the Board.*" (Emphasis supplied.)

BOLI's amendment simplifies the language in the rule, and we do not understand BOLI to have intended any substantive changes in the way the rule is applied. We do not believe it rational to assume that BOLI intended reinstatement rights to apply only when acceptance is voluntary and not when acceptance is compelled by Board or judicial decision.

As the majority explains, ORS 659.415 requires an employer to reinstate an injured worker to the worker's job on demand if the worker has suffered a compensable injury and the former position exists and is available. 145 Or App at 272.[1] "Compensable injury" is not defined in the statute. Rather than turning to the definition of compensable injury in the Workers' Compensation Law to determine the meaning of that term, the majority simply concludes that the term requires a worker's injury to have been accepted as compensable in order for the reinstatement right to exist. It states that its conclusion is consistent with reinstatement rules adopted by the Bureau of Labor and Industries (BOLI) and with the other provisions of the statute.

The majority's conclusion improperly ignores, however, the definition of compensable injury in the Workers' Compensation Law. It also adds a requirement to ORS 659.415 that is not found in it. In effect, the majority inserts "accepted" in front of "compensable injury" in the statute.[2] ORS 174.010 prohibits us from doing that.

The Workers' Compensation Law is part of the context of ORS 659.415. As the Supreme Court has recognized, the principal purpose of ORS 659.415 is

> "to guarantee that an employer shall not discriminate against a disabled worker for exercising the worker's rights under the Workers' Compensation Law."

*Shaw v. Doyle Milling Co.*, 297 Or 251, 255, 683 P2d 82 (1984). Thus, when ORS 659.415 refers to a "compensable injury," it is logical to assume that the relevant definition of

---

[1] ORS 659.415(1) provides:

"A worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment upon demand for such reinstatement, if the position exists and is available and the worker is not disabled from performing the duties of such position. A worker's former position is 'available' even if that position has been filled by a replacement while the injured worker was absent. If the former position is not available, the worker shall be reinstated in any other existing position which is vacant and suitable. A certificate by the attending physician that the physician approves the worker's return to the worker's regular employment or other suitable employment shall be prima facie evidence that the worker is able to perform such duties."

[2] See note 1 above for the text of the statute.

that term is the one found in the Workers' Compensation Law.[3] That definition is found in ORS 656.005(7)(a), which provides that a

> " 'compensable injury' is an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means[.]"

The definition requires a compensable injury (1) to be accidental, (2) to arise out of employment, (3) to occur in the course of employment, and (4) to require medical services or result in disability or death. It does not include a requirement that a claim for such an injury has to have been accepted as compensable in order for the injury to be a "compensable injury." Thus, a compensable injury, by definition, involves only the worker's condition and not the status of the worker's claim for that injury.

It is evident, then, that the requirement in ORS 659.415 that a worker have a "compensable injury" in order to be entitled to reinstatement cannot properly be understood to mean that the worker's claim for such an injury has to have been accepted as compensable before the worker can invoke that right.[4] Therefore, plaintiff's claim does not depend on whether her employer had accepted her workers' compensation claim before she sought reinstatement. Hence, the court erred in granting partial summary judgment to defendant on the ground that her reinstatement request pre-dated the acceptance of her compensation claim. For that

[3] I recognize that a definition of a term in one statute does not control the meaning of that term in other statutes to which the definition does not expressly apply. *See, e.g., Enertrol Power Monitoring Corp. v. State of Oregon,* 314 Or 78, 84, 836 P2d 123 (1992). In this context, however, in which the statute protects rights secured by the Workers' Compensation Law, I have no doubt that the term "compensable injury" in ORS 659.415 is intended to have the same meaning that it does in the Workers' Compensation Law. That means that the relevant definition is the one found in ORS 656.005(7)(a).

[4] The other provisions of ORS 659.415 are consistent with that reading of the statute. *See* ORS 659.415(3) (outlines circumstances when the right to reinstatement is terminated). To the extent that BOLI's reinstatement rules are inconsistent with that interpretation, they are without legal effect. BOLI has authority to adopt reasonable rules "required to carry out the purpose" of ORS 659.415. ORS 659.103(1)(e). It is not permitted to alter the requirements of the statute in doing that.

reason, I respectfully dissent from the majority's decision to affirm that judgment.