Argued and submitted September 10, 1997, decision of Court of Appeals and judgment of circuit court reversed and case remanded to circuit court December 17, 1998

Donna ARMSTRONG,
*Petitioner on Review,*

*v.*

ROGUE FEDERAL CREDIT UNION,
*Respondent on Review.*

(CC 94-2777-L-2; CA A89715; SC S43980)

969 P2d 382

Thomas C. Howser, of Howser & Munsell, P.C., Ashland, argued the cause for petitioner on review. With him on the brief was Judith H. Uherbelau.

Kevin L. Mannix, of Mannix, Nielsen & Crawford, P.C., Salem, argued the cause and filed the brief for respondent on review.

Geoffrey G. Wren, of Terry & Wren, Portland, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers' Association and Oregon Workers' Compensation Attorneys.

D. Michael Dale, of Oregon Legal Services Corporation, Portland, and Maria Andrade, of Oregon Legal Services Corporation, Pendleton, and Monica A. Smith, of Smith Gamson Diamond & Olney, Portland, filed a brief on behalf of *amicus curiae* Maria Villegas and Oregon AFL-CIO.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, and Kulongoski, Justices.**

VAN HOOMISSEN, J.

---

** Fadeley, J., retired January 31, 1998, and did not participate in this decision; Graber, J., resigned March 31, 1998, and did not participate in this decision.

## VAN HOOMISSEN, J.

The issue in this case is whether an employer (defendant) commits an unlawful employment practice under ORS 659.415 by denying an injured worker's (plaintiff's) demand for reinstatement during the pendency of litigation over whether the worker's injury is compensable. The Court of Appeals held that a determination that a worker has sustained a compensable injury is a condition precedent to the worker's right to reinstatement under ORS 659.415. *Armstrong v. Rogue Federal Credit Union*, 145 Or App 268, 929 P2d 1066 (1996). For the reasons that follow, we reverse the decision of the Court of Appeals.

ORS 659.415 provides, in part:

"(1) A worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment upon demand for such reinstatement, if the position exists and is available and the worker is not disabled from performing the duties of such position. * * *

"* * * * *

"(4) Any violation of this section is an unlawful employment practice."

The parties stipulated to the material facts. On May 25, 1990, plaintiff's physician ordered her off work due to stress and depression. Thereafter, she filed a claim for workers' compensation benefits. The insurer, SAIF Corporation (SAIF), on behalf of defendant, Rogue Federal Credit Union, denied plaintiff's claim. Plaintiff challenged the denial and an administrative law judge (ALJ) held a hearing on the matter.

Two years later, on May 22, 1992, before the ALJ had issued a decision, plaintiff's physician released her to return to work. Plaintiff informed defendant of the release and demanded reinstatement to her former position. Defendant refused to reinstate plaintiff and terminated her employment. In September 1992, the ALJ issued an order upholding SAIF's denial on the ground that plaintiff's claim was not compensable.

On September 27, 1993, the Workers' Compensation Board (Board) ruled that plaintiff's stress and depression was compensable as an occupational disease. Defendant did not seek judicial review of the Board's decision. Thereafter, SAIF paid plaintiff time-loss benefits for the period from 1990 to 1994. In 1994, plaintiff filed this action, alleging, *inter alia*, that defendant had committed an unlawful employment practice in 1992 by failing to reinstate her to her former position upon her demand, in violation of ORS 659.415(1).

Before trial, on stipulated facts, the circuit court granted partial summary judgment for defendant. The court reasoned that plaintiff's demand for reinstatement was premature and could not, as a matter of law, give rise to a claim under ORS 659.415. That was so because at the time plaintiff made her demand for reinstatement, her work-related injury or disease had not been determined to be compensable. The court then entered judgment for defendant under ORCP 67 B, dismissing plaintiff's unlawful employment practice claim.

A divided Court of Appeals affirmed. The court's majority considered the text of ORS 659.415(1) in context with Bureau of Labor and Industries regulations. The court held that a worker does not have a right to reinstatement under ORS 659.415(1) unless the workers' compensation claim is in compensable status when the demand for reinstatement is made. Accordingly, the court held that defendant's conduct was not wrongful when it failed to reinstate plaintiff.

The dissent found from the text of ORS 659.415(1) and the context of ORS 656.005(7)(a) that "plaintiff's claim does not depend on whether her employer had accepted her workers' compensation claim before she sought reinstatement." (Armstrong, J., dissenting.) The dissent imported the definition of "compensable injury" from ORS 656.005(7)(a) into ORS 659.415(1) and concluded that "a compensable injury, by definition, involves only the worker's condition and not the status of the worker's claim for that injury." *Armstrong*, 145 Or App at 275.

On review, plaintiff argues that ORS 659.415(1) requires an employer to reinstate a worker while the claim proceeds through the administrative process. Additionally,

*amicus* argues that the Court of Appeals decision will deny workers the right to be rehired "for the entire time they await a final determination of their claim." *Amicus* further asserts that the Court of Appeals' majority decision "may encourage employers to manipulate the workers' compensation system" by purposely delaying acceptance of a claim.

Defendant contends that ORS 659.415(1) grants reinstatement rights only to a worker whose injury has been determined to be compensable at the time that the worker demands reinstatement. Defendant argues that to extend reinstatement rights to a worker before the injury is deemed compensable would have the effect of eliminating the word "compensable" from ORS 656.415(1). Defendant raises the "prospect of workers being able to assure themselves of reinstatement rights simply by filing bogus claims."

In interpreting a statute, this court's task is to discern the intent of the legislature. *PGE v. Bureau of Labor and Industries*, 317 Or 616, 610-11, 860 P2d 241 (1993); ORS 174.020. To do that, the court first examines the text and context of the statute. If the legislature's intent is clear from text and context, further inquiry is unnecessary. *Id.* at 611.

ORS 659.415(1) provides, in part:

> "A worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment upon demand for such reinstatement * * *."

"Compensable injury" is not defined in ORS 659.415. The question is: For the purposes of ORS 659.415(1), *when* is an injury a "compensable injury?" We proceed to consider the context of ORS 659.415(1).

The Workers' Compensation Law, ORS chapter 656, is part of the context of ORS 659.415(1). As used in ORS 659.415(1), the term "compensable injury" has the same meaning that it has in the Workers' Compensation Law, ORS 656.005(7)(a).[1] Generally, a "compensable injury" is an accidental injury that "arises out of and in the course of employment." When a worker is injured at work, the injury is a compensable injury under ORS 656.005(7)(a) from the moment of

---

[1] ORS 656.005(7)(a) defines a "compensable injury" in pertinent part as:

its occurrence, even if the insurer denies that the injury is compensable, and even if the administrative and judicial systems take months or years to determine the validity of the employer's denial. Nothing in the statutory definition of "compensable injury" in ORS 656.005(7)(a) indicates that the definition refers only to an injury that the Board and the courts, after exhaustion of all legal proceedings, have determined to be work-related.

The legislature knows how to condition an employer's liability on an earlier determination that a worker's injury is compensable. For example, an employer is liable for a penalty under ORS 656.735 if a worker suffers a compensable injury when the employer is in a "noncomplying" status (*i.e.*, has failed to purchase or provide coverage for workplace injuries). However, that liability arises only after final closure of the injury claim. ORS 656.054(2) provides:

> "Whenever a subject worker suffers a compensable injury while in the employ of a noncomplying-employer, the director shall, *after an order closing the claim has become final*, serve upon the employer a notice of proposed penalty to be assessed pursuant to ORS 656.735(3)." (Emphasis added.)

ORS 659.415 contains no similar language that makes an employer's exposure to a discrimination claim subject to any prior legal determination that the worker's injury is compensable. That distinctive treatment of an employer's liability is significant and tends to defeat defendant's argument here.

For other examples of statutes that expressly condition an employer's liability for a worker's right or benefit on a prior determination of compensability, see ORS 656.262(2) (workers' compensation is payable "except where the right to compensation is denied by the insurer or self-insured employer"); ORS 656.313(1) (employer can suspend duty to pay compensation by requesting hearing, requesting Board review, appealing to a court, or requesting review of certain orders by the Director); ORS 656.313(4)(b) (health insurance providers that pay for services on denied claims are entitled

---

"an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means[.]"

to reimbursement from employer's insurer "[i]f the services are determined to be compensable").

ORS 659.415(3)(a) provides that the right to reinstatement "terminates" on the occurrence of any one of a list of events. "Terminate" means "to bring to an ending or cessation in time, sequence, or continuity" and "to form the ending or conclusion of." *Webster's Third New Int'l Dictionary*, 2359 (unabridged ed 1993). In logic, a right to reinstatement can come to an end (*i.e.*, terminate) only if it legally exists, has accrued, or is valid before the point of termination. That suggests that the employee may enforce a right to reinstatement, as here, by demanding employment at any time before the occurrence of one of the statutory conditions that "terminates" the right to reinstatement. We note also that the right to reinstatement terminates three years "from the date of the *injury*." ORS 659.415(3)(a)(F) (emphasis added). The term "injury" necessarily refers to the occurrence of the injury, not the date of a final resolution of all disputes over whether the injury is "compensable."

When a worker is injured at work, and leaves work due to injury, the worker acquires certain statutory rights. First, the worker *may* claim benefits under ORS chapter 656. In the benefits context, the insurer may dispute the compensability of the injury. If the insurer denies the employee's right to compensation, the statutes *expressly* relieve the insurer of the duty to pay most workers' compensation benefits. ORS 656.262(2). If the injury is determined to be compensable in the hearing and appeal process, the insurer is liable for all back benefits, interest, penalties, and attorney fees. ORS 656.313(1)(b); ORS 656.382; ORS 656.385; ORS 656.386. By contrast, ORS 659.415(1) does not relieve an insurer of the duty to reinstate the worker on demand if the employer denies the claim.

A worker who has sustained a compensable injury has a right to reinstatement to the job, if demand is made within three years of injury, if the position exists, is available, and if the worker is not disabled from performing the duties of the position. ORS 659.415(1). Those conditions are met here. The right to reinstatement accrues on the worker's demand for reinstatement; however, a right to reinstatement

is not something that an employer must honor in the absence of a demand. Those rights and duties are distinct, even though they each rely on certain identical concepts, such as "compensable injury."

■ To illustrate, an injured worker *may* lose the right to workers' compensation benefits for a compensable injury by failing to file the 90-day written notice of accident required by ORS 656.265(1) without lawful excuse. Notwithstanding the loss of the rights to obtain benefits, that same worker still may assert the right to reinstatement on demand under ORS 659.415(1) and must prove that the injury was a compensable injury *in the unlawful employment practice proceeding.* In fact, an injured worker need not make a claim for *any* workers' compensation benefits under ORS chapter 656 in order to be entitled to seek relief from an unlawful employment practice under ORS 659.415. We conclude that an unresolved denial of a worker's claim for workers' compensation benefits is irrelevant to the worker's right to seek relief for a violation of ORS 659.415(1).

Defendant's interpretation of ORS 659.415(1) would impose an immense procedural hurdle and lengthy procedural delay in an unlawful employment practice case, without any support in the text or context of ORS 659.415. That reading could force injured workers to remain off their jobs for months or years after they have regained their health and want to return to work until the merit of an insurer's denial finally is determined. Such a reading would contradict the policies that underlie both ORS 659.415 and the Workers' Compensation Law.

ORS 659.415 is an integral part of the legislative scheme to prohibit employment discrimination on the basis of physical or mental handicap. *Williams v. Waterway Terminals Co.*, 298 Or 506, 510, 693 P2d 1290 (1985), citing *Vaughn v. Pacific Northwest Bell Telephone*, 289 Or 73, 611 P2d 218 (1980). This court has stated that .

"[t]he main purpose of ORS 659.415 is to guarantee that an employer shall not discriminate against a disabled worker for exercising the worker's rights under the Workers' Compensation Law. This statute is but one of a set of statutes reflecting the legislature's concern to prohibit employment

discrimination on the basis of handicap." *Shaw v. Doyle Milling Co.*, 297 Or 251, 255, 683 P2d 82 (1984).

ORS 656.012(2)(c) provides that one objective of the Workers' Compensation Law is

"[t]o restore the injured worker physically and economically to a self-sufficient status in an expeditious manner and to the greatest extent practicable[.]"

Our review of the statutory text of ORS 659.415(1), as well as the pertinent context, satisfies us that the legislature's intent is clear and that plaintiff's statutory construction is correct. We understand the concern of an employer that believes, in good faith, but erroneously, that the worker's injury is not compensable. However, if an insurer chooses, for whatever reason, to deny compensability, and the employer is shown to have engaged in an unlawful employment practice under ORS 659.415(1), the worker is entitled to the statutory remedy. We see no justification in the text or context of ORS 659.415 to suspend the discrimination remedy merely because the insurer has decided, in the workers' compensation context, to assert that the injury is not compensable.

The decision of the Court of Appeals and the judgment of the circuit court are reversed, and the case is remanded to the circuit court for further proceedings.