Submitted on record and briefs March 6, affirmed October 1, 2003

George F. DuBOIS,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

02-AB-1049; A118732

77 P3d 641

George DuBois filed the briefs *pro se.*

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and David F. Coursen, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Schuman, Judge, and Kistler, Judge pro tempore.

KISTLER, J. pro tempore.

## KISTLER, J. pro tempore

Claimant petitions for review of a decision of the Employment Appeals Board (board) denying him a base-year extension on his unemployment benefits claim. We affirm.

Claimant had rotator cuff surgery on his right shoulder on August 13, 2001. On February 28, 2002, claimant applied for unemployment insurance benefits. On that date, his physician signed a form stating that claimant was unable to work from August 13 through 27, 2001. The physician released claimant to return to work on August 27, 2001, but restricted him to sedentary work, with no use of his right arm, from August 27 though November 12, 2001.[1]

Before the Employment Department (department), there was little dispute that claimant had a valid claim for unemployment benefits. The primary question was whether the board should use an extended base year to calculate his weekly benefits. ORS 657.170(1) directs the board to use an extended base year when a person "has been incapable of work during the greater part of any calendar quarter." The department denied the requested extension, and the board affirmed. It explained that, under its rules, the statutory phrase "incapable of work" means that a claimant has been unable to engage in "any gainful occupation solely because of physical or mental defect, disease or injury as verified in writing by a licensed medical or therapeutic practitioner, or other evidence satisfactory to the Director." OAR 471-030-0023. The board found that, although claimant had proved that he was unable to engage in any gainful work for a two-week period, he had not proved that "his inability to use his right arm prevented him from engaging in any gainful employment" for a longer period—*i.e.*, for the greater part of a calendar quarter. The board accordingly declined to extend claimant's base year.

On review, claimant contends that the board applied the wrong test. He argues that the question is not whether, as the board asked, he could engage in any gainful occupation

---

[1] Claimant's physician submitted a later report stating that claimant was unable to work for a longer period, but the board did not find that report persuasive.

for the greater part of a calendar quarter. Rather, the question is whether he could return to his regular employment for that period of time. Claimant contends that, because he could not return to his regular work for the greater part of a calendar quarter, the board should have used an extended base year to calculate his weekly benefit. More specifically, claimant contends that the department misinterpreted its rule defining the statutory phrase "incapable of work." He argues alternatively that, even if the department's interpretation of its rule is correct, the department's rule is inconsistent with ORS 657.170(1).

We begin with claimant's argument that the department misinterpreted its own rule. OAR 471-030-0023 provides: "As used in ORS 657.170, 'incapable of work' means inability to engage in any gainful occupation solely because of physical or mental defect, disease or injury * * *." The department's interpretation of its rule follows directly from the rule's text. Conversely, the text of the rule is at odds with claimant's position that the statutory phrase "incapable of work" means incapable of returning to a person's regular work. At a minimum, we cannot say that the department's interpretation of its own rule is not plausible. *See Johnson v. Employment Dept.*, 187 Or App 441, 448-49, 67 P3d 984 (2003) (explaining that courts will defer to the department's interpretation of its own rule as long as the interpretation is plausible).

Claimant argues alternatively that, even if the department correctly interpreted its own rule, its rule is inconsistent with ORS 657.170(1), which authorizes a base-year extension if an "individual has been incapable of work during the greater part of any calendar quarter * * *." *See Coast Security Mortgage Corp. v. Real Estate Agency*, 331 Or 348, 354, 15 P3d 29 (2000) (reviewing the scope of an inexact term to determine if it is consistent with the legislature's intent).[2] In determining the legislature's intent, we begin with the text and context of ORS 657.170(1). *PGE v. Bureau*

---

[2] The statutory phrase "incapable of work" is, in the methodology of *Springfield Education Assn. v. School Dist.*, 290 Or 217, 224, 621 P2d 547 (1980), an inexact term. "As to 'inexact terms,' the task of the agency, and ultimately of the court, is to determine what the legislature intended by using those words." *Coast Security Mortgage Corp.*, 331 Or at 354.

*of Labor and Industries,* 317 Or 606, 610-11, 859 P2d 1143 (1993).

ORS 657.170 authorizes the department to grant base-year extensions to claimants. ORS 657.170(1) provides that,

> "[i]f the Director of the Employment Department finds that during the base year of the individual any individual has been incapable of work during the greater part of any calendar quarter, such base year shall be extended a calendar quarter."

Claimant argues that the legislature intended the phrase "incapable of work," as it is used in ORS 657.170(1), to mean only that a claimant is incapable of performing his or her regular employment. The statute, however, does not limit the term "work" to regular work, as claimant argues. It does not say that a person's base year should be extended only if he or she is incapable of performing his or her regular or customary job for the greater part of a calendar quarter. Rather, it uses the phrase "incapable of work" without any limitation on the kind of work that a person must be incapable of performing. The text of the statute is at odds with claimant's position.

The context points in the same direction. What is now ORS 657.170(1) was adopted in 1937. *See* Or Laws 1937, ch 398, § 4; *Owens v. Maass,* 323 Or 430, 435, 918 P2d 808 (1996) (earlier enactments of a statute constitute context). Oregon Laws 1937, chapter 398, section 4, specified who was eligible to receive unemployment benefits. It provided that a person was eligible to receive benefits if he or she had registered to work, had made a claim for benefits, was "able to work, and [wa]s available to work." Or Laws 1937, ch 398, § 4(a)-(c). There was another condition for receiving benefits. A person must have

> "within his base year earned wages of not less than 16 times his weekly benefit amount; provided, that if the commission finds that during such base year any individual has been incapable of work because of some physical or mental disability, or has been engaged for the greater part of his working time in any week of self-employment or in performing services not subject to this act, such base year shall be

extended by the duration of such incapacity, self-employment or services. No such extension shall exceed 52 additional weeks."

Or Laws 1937, ch 398, § 4(e).

One other section is relevant. Section 5 stated the conditions that would disqualify a person from receiving benefits. Among other things, it provided that a person was disqualified from receiving benefits if he or she

"failed, without good cause, either to apply for available suitable work when so directed by the employment office or the commission or to accept suitable work when offered to him, or to return to his customary self-employment, if any, when so directed by the commission."

Or Laws 1937, ch 398, § 5(d). Subsection 5(d) also defined the factors that the commission should consider in deciding whether work was "suitable." Among other things, suitable work required consideration of the person's "physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation[.]" Or Laws 1937, ch 398, § 5(d)(1).

As initially enacted, the statute used the word "work" without qualification when it referred to "able to work" and "incapable of work." However, it qualified either that term or the concept when it referred to "suitable work," "customary self-employment," and "customary occupation." When the legislature wanted to qualify the word "work" to refer to regular, suitable, or customary work, it knew how to say so. *See Armstrong v. Rogue Federal Credit Union*, 328 Or 154, 160, 969 P2d 382 (1998); *State v. Vasquez-Rubio*, 323 Or 275, 281, 917 P2d 494 (1996); *see also PGE*, 317 Or at 614 (explaining that "[t]he legislature knows how to include qualifying language in a statute when it wants to do so"). The absence of any language qualifying the term "work" in the phrase "incapable of work" is telling. It confirms, as the department's rule states, that the statutory phrase "incapable of work" means "inability to engage in any gainful occupation solely because of physical or mental defect." *See* OAR 471-030-0023. Having examined the text and context of the statute, we conclude that the department's rule is consistent

with the statute, *see Coast Security Mortgage Corp.*, 331 Or at 354, and that the board properly employed the test stated in the rule to decide claimant's case.

Affirmed.